# Goldthwaite, Receiver, v. Janney & Cheney, Trustees.
# Abraham v. Same.

*Petition in Equity to have Partnership Property Subjected to Debts of Individual Partners.*

1. *Partnership; property purchased with partnership funds for partnership purposes.*—Real estate purchased with partnership funds for partnership purposes is the property of the partnership and subject to the payment of the firm's debts, in preference and priority to the separate debts of the several partners; and it is immaterial whether the title to such property resides in the partnership, in the partners

as tenants in common, or in the name of one of the partners only.

2. *Same; right of creditor of an individual member of the firm.*—The creditor of an individual member of a partnership can not subject to the payment of his debt the interest of such partner in the firm, until after the assets of the firm have been applied to the full payment and discharge of all the debts and liabilities of the partnership.

3. *Same; partnership not estopped from claiming property purchased with its funds for partnership purposes.*—Creditors of individual members of a partnership can not acquire any greater interest in the assets of the firm than the partners themselves are entitled to, respectively; and upon the partnership becoming insolvent and making a deed of assignment for the benefit of all its creditors, the fact that the titles to the real estate purchased by the individual members of the partnership with the firm's money for partnership purposes were taken in the names of the respective members by whom the purchases were effected, does not estop the partnership, or its assignees, from afterwards claiming said property as against the creditors of such individual partners, respectively, although they may have dealt with such partner or partners, on the faith and credit of the property supposed to be held by them individually.

4. *Same; firm property cannot be subjected to payment of partner's debt.*—Where one of the members of a partnership, by lending to his firm money in his hands as receiver, committed a breach of trust, in which his firm participated, upon the partnership becoming insolvent real property which had been purchased with the firm's money, for partnership purposes, but the title thereto was taken in the name of the said partner, can not be treated as the individual property of such partner to the extent of his claim against the firm, so as to be subjected to payment of his loan to the firm in preference to the payment of the partnership creditors.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JERE N. WILLIAMS.

On July 6, 1891, the firm of Moses Bros., composed of H. C., A. H. and M. L. Moses, made a general assign-ment to certain named trustees of all their property, for the benefit of their creditors. The trustees named in this general assignment filed a bill in the chancery court of Montgomery county, praying that said court take jurisdiction of the matters relative to said assignment, and govern, control and direct' the trustees, the prop-perty and interests of Moses Bros. and their credi-tors, as would best conserve equity to all parties. The chancellor granted the prayer of said bill, and took charge of the matters pertaining to said general assign-ment. Subsequently, on October 10th, 1892, Adolph

Abraham, Isaac Abraham and Rosa Abraham, the two last named by their next friend, filed their petition, addressed to the chancellor, in their own behalf, and in behalf of such other individual creditors of H. C., A. H. and M. L. Moses, as would come into the cause and share the expenses thereof, in which they averred that each one of them was a creditor of H. C., A. H. and M. L. Moses, individually, setting out the amount of said indebtedness; that included in the property which was conveyed by Moses Bros. in the deed of general assignment, was a large amount of private property, which was owned individually by the respective members of the firm; that "by the terms of said deed of trust, as well as by law, they and the other individual creditors of the said Henry C. Moses, A. H. Moses, and M. L. Moses are entitled to be paid the full amount of their claims out of the private property of the said H. C. Moses, A. H. Moses and M. L. Moses, in priority to the creditors of Moses Bros.;" and they prayed that "the private property of said Henry C. Moses, A. H. Moses and M. L. Moses be ascertained and the amount of claims which are entitled to priority therein be stated, and that such claims be paid to the full extent of such property, and that the trustees be restrained from paying to the general creditors of the firm of Moses Bros. any portion of said property until said individual debts are paid in full." In response to this petition the chancellor ordered a reference to the register to ascertain and report to what property conveyed by the assignment the individual members of the firm of Moses Bros. held title, and to make a statement of the individual debts of the members of said firm. The substance of the evidence disclosed on the reference, which was thus ordered, is sufficiently stated in the opinion.

On the submission of this cause upon the report of the register, it was decreed that "all of the property, real and personal, assigned by the said A. H. Moses, H. C. Moses and M. L. Moses, constituting the firm of Moses Bros., for the benefit of their creditors, whether the title thereto stood at the time of said assignment in the name of said firm, or any part thereof, except the residences of the members of said firm, and the lot in Sheffield, Alabama, given to A. H. Moses by the Sheffield

28

[Goldthwaite, Receiver, v. Janney & Cheney, Trustees;]
[Abraham v. Same.]

Land, Iron & Coal Company, constituted the assets of said partnership, to which creditors of said firm are primarily entitled, and must be so regarded by the trustees administering said trusts in the distribution of said assigned property.''

On September 14th, 1893, Robert Goldthwaite, as receiver in the case of *Paul v. Knox et al.*, by petition, made himself a party complainant in the petition of the Abrahams, and prayed for the benefit of the proceedings thereon in his behalf. The facts as stated in the petition of said Goldthwaite are substantially as follows : First, that the petitioner is the successor of H. C. Moses, as receiver in the case of *Paul v. Knox et al*; second, that petitioner as said receiver is the owner of an allowed claim against the estate of H. C. Moses, individually, in the amount of $18.108.11 ; third, that said claim arose on account of trust funds in the hands of H. C. Moses, as said receiver, which he advanced to the firm of Moses Bros., of which firm he was a member, without taking the proper security required by a court ; fourth, that Moses Bros. were indebted to H. C. Moses for said advances, at the time of the general assignment made by them, and the members of said firm are yet indebted to him for such amount ; and, fifth, that, at the time of the assignment, the said H. C. Moses held the legal title to some real estate, which, in equity, belonged to said firm. The prayer of this petition was that ''the acting trustees be directed and ordered to regard and hold all the property to which H. C. Moses held the legal title at the date of said assignment as the individual property of said Henry C. Moses, so far as petitioner's debt is concerned ; and out of the proceeds thereof to declare dividends for the benefit of petitioner's said debt, until it is paid with other debts similarly situated.''

The ground upon which said Goldthwaite, in his petitition, based his right to relief thus prayed for, is sufficiently stated in the opinion. The trustees, acting under the deed of general assignment, demurred to this petition, among others, upon the following grounds : That the said petition shows that the property in the name of H. C. Moses was partnership assets ; that the petition fails to show that there has been any settlement of the affairs of said partnership, showing any indebtedness of

the firm to said Henry C. Moses; that the petition shows that said property was partnership assets, and that H. C. Moses, together with other members of the firm, has assigned the same for the benefit of all of the creditors of said partnership.

Upon the submission of this cause, upon the petition and the demurrers thereto, there was a decree sustaining the demurrers. This appeal is prosecuted by Robert Goldthwaite as receiver, who assigns as error the decree of the chancellor sustaining the demurrers to his petition; and by the Abraham petitioners, who assign as error the decree of the chancellor denying them the relief prayed for.

BRICKELL & GUNTER, for Robert Goldthwaite, Receiver.—Neither the individual creditors, nor the partnership creditors, have any lien of their own on the property of either class, but each class of creditors succeeds only to the respective rights of its debtor, and works out for its benefit the lien held by such debtor.— *Goldsmith v. Eichold*, 94 Ala. 116.

In a court of equity, while the legal title imports the right of property in the holder, every equity against the legal title, not cut off by some rule-creating a superior equity, is respected and treated as a property right, superior to the mere legal title, which will be made to yield to such equity. But the legal title is never made to yield to an equity or right contradictory to the import of such legal title, except upon the strictest principles of equity and right.—*Lang v. Waring*, 25 Ala. 640.

The firm's claim to the property in question was only equitable; the legal title was in Henry C. Moses. A partner thus holding the property in trust for the firm should never be disturbed in his legal title, except to satisfy the equity of the partners; and the partners can never assert their equity to claim the property without first satisfying the claims for advances made out of individual funds for the firm, or discharging the individual liabilities, incurred by the partner so holding the property, of which the partnership had the benefit.— *Lang v. Waring*, 25 Ala. 640 ; *Williams v. Love*, 73 Amer. Dec. 191 ; Story on Contracts, § 11.

The partnership creditors of Moses Brothers are

estopped to assert, as against the individual creditors of the partners, the title to the land in controversy, until the latter are paid.—*Preston v. McMillan*, 58 Ala. 91; *Kelly v. Scott*, 49 N. Y. 595; *Putnam v. Fitzgerald*, 6 N. W. Rep. 199; Bigelow on Estoppel (4th Ed.), 543.

The statute, (Code, §§ 1846, 1847), operates as much to protect the individual creditor of H. C. Moses in his title to the property, as it would have operated had there been no assignment, and the creditor had obtained judgment and placed an execution in the hands of the sheriff. *Hatchett v. Blanton*, 72 Ala. 423; *Kilbourne v. Fay*, 29 Ohio St. 279; *Hanes v. Tiffany*, 25 Ohio St. 549; *Lindemon v. Ingham*, 36 Ohio St. 1; *Ayres v. Duprey*, 86 Amer. Dec. 657; 20. Amer. & Eng. Encyc. of Law, 578.

DAVID T. BLAKEY, for Abraham, cited *Hatchett v. Blanton*, 72 Ala. 423; Parsons on Partnership, § 266; Parsons on Contracts, § 265.

TOMPKINS & TROY and HORACE STRINGFELLOW, *contra*. Partnership real estate, like other assets of the partnership, is subjected, in case of insolvency, primarily, to the claims of the partnership creditors, and it is not material whether the title resides in the partnership, in the partners as tenants in common, or in the name of one partner only.—*Hatchett v. Blanton*, 72 Ala. 423; *Little v. Snedecor*, 52 Ala. 169; *Offutt v. Scott*, 47 Ala. 104; *Smith v. Malory*, 24 Ala. 635; *Pugh v. Currie*, 5 Ala. 446. Subordinate to this primary equity of the partners, each partner has a lien on the remaining assets of the partnership for any balance due him upon a proper accounting together.— *Warren v. Taylor*, 60 Ala. 223; *Farley v. Moog*, 79 Ala. 153; 13 Amer. & Eng. Encyc. of Law, 611; 17 Amer. & Eng. Encyc. of Law, 1193, 1195, 1198, note 3.

As between the partners, a partner may have the right to retain partnership assets in his possession for the payment of an indebtedness to him found upon a settlement, "but to this there is the limitation that the firm debts are paid and discharged, for otherwise the firm creditors have a superior lien upon the firm assets." *Mock v. Woodruff*, 87 Ill. 573. A partner who is a creditor of his firm, can not share with the partnership creditors in the distribution of partnership assets. He can

[Goldthwaite, Receiver, v. Janney & Cheney, Trustees;]
[Abraham v. Same.]

not come into competition with the joint creditors.—*Ex parte Harris*, 2 Ves. & Beame, 212 ; *In re Lloyd*, 22 Fed. Rep. 90 ; 17 Amer. & Eng. Encyc. of Law, 1207 and note.

A partnership is not estopped from denying that property standing in the name of one of the partners is the individual property of such partner.—*York County Bank*, 32 Pa. St. 446 ; *Stumph v. Bauer*, 76 Ind. 157; *Rushing v. People*, 42 Ark. 390; *Lime Rock Bank v. Phetteplace*, 8 R. I. 64 ; *Paige v. Paige*, 71 Iowa 318.

HARALSON, J.—The sole question for decision in this case, as respects the rights of the Abraham petitioners is, whether the property in question belonged to the individuals composing the firm of Moses Brothers, or to the firm itself ; and Goldthwaite, receiver, has, also, an equal interest in the determination of that question. If it was individual property, it must be distributed among the individual creditors of that insolvent firm ; but if in equity it belonged to the partnership, it is to be distributed, with the other property belonging to the firm, to its creditors. There was real estate, the title to which stood in the names of the individual members, and stocks standing on the books in the names of one or another of the individuals, schedules of which real estate and stocks are attached to the petitions. These lands and stocks were included in the general assignment of Moses Brothers, and came into the possession of the appellees, as assignees, and they claim them as the property of the said firm, subject to distribution among it creditors, and not to the creditors of the individuals composing the said firm, whereas the petitioners claim said property as belonging to the individuals in whose name the bills appear, and not to the firm of which they were members.

It is a rule of universal recognition, that real estate acquired with partnership funds, or on partnership credit and for partnership purposes, is regarded in a court of equity as partnership property, and is subject to the payment of partnership debts, in preference and priority to the separate debts of the several parties ; and it is wholly immaterial, says Judge Story, "in the view of a court of equity, in whose name or names the purchase is made, and the conveyance is taken ; whether in the name of one

[Goldthwaite, Receiver, v. Janney & Cheney, Trustees;]

[Abraham v. Same.]

partner, or of all the partners, whether in the name of a stranger alone, or of a stranger jointly with one partner. In all these cases, let the *legal* title be vested in whom it may, it is in equity deemed partnership property, not subject to survivorship ; and the partners are deemed the *cestuis que trust* therefor."—2 Story's Eq., § 1207; *Hatchett v. Blanton*, 72 Ala. 423; *Little v. Snedecor*, 52 Ala. 167; *Offutt v. Scott*, 47 Ala. 104 ; *Coles v. Coles*, and *Dyer v. Clarke*, 1 Am. Lead. Cases. (H. & W. notes) 592 and 595.

Whether the land belongs to a firm or to one of the individuals composing it,—when the title is in his name, and not in that of his firm,—must be solved by what appears to have been the intention of the parties. *Prima facie*, ownership is where the muniment of title places it, but if by all the circumstances attending the transaction,—which may be shown by parol, if there is no written evidence,—it is made to appear, that in the intention of the parties, it was purchased for and was treated as partnership property, that presumption of ownership arising from the face of the deed will be overcome, and the property will be treated as belonging to the partnership. Authorities *supra*.

It had been insisted, that when a partner buys real estate for his firm with its money, and takes the title in his own name, which title is spread upon the records of the county, those who have financial dealing with him are presumed to have done so on the faith and credit of that property, and the partnership is estopped afterwards to claim the property against the claims of the creditors of such partner. This doctrine is true, certainly in cases of *bona fide* purchasers of such property for value, and without notice that it belonged to the partnership. But it can not be extended further, without overthrowing all our adjudications on the subject, as well as the general current of authorities everywhere. No man has a lien on the property of another with whom he deals, whether he is a member of a partnership or not, unless it is conferred by contract or by some rule of law. A creditor of one who is a member of a partnership can never put his hand on such a partner's interest in the firm, until the assets of the firm have been applied to the full payment and discharge of all debts and liabilities of

[Goldthwaite, Receiver, v. Janney & Cheney, Trustees;]
[Abraham v. Same.]

the partnership, and after discharging these, the *residuum*
is still held in trust for distribution among the several
partners, according to their several interests.   A lien ex-
ists in favor of each partner on the partnership effects to
secure these results and for the one as well as the
other.   This lien, as a general thing, exists only in favor
of the several partners.   They may sell the firm's proper-
ty, may convey it to one of their own number, may par-
tition or divide, and the lien will thereby be destroyed.

Creditors as such can not be said to have any lien on
the partnership effects.   There are conditions in which
a creditor has been allowed to avail himself of this *quasi*
lien of a partner, but it is derivative only, and not of
original existence.   But in no event can a creditor of an
individual partner acquire any greater interest in the as-
sets of the firm of which the partner is a member than
the partner himself is entitled to, which is nothing if the
partnership is insolvent.   The stream in law can not,
any more than in nature, rise higher than its source.

Lindley, in his work on partnerships, states the prin-
ciples so aptly, we quote what he says on the subjects.
Subject to certain exceptions, within which this case
does not fall, he says :   "It is an established rule that a
partner in a bankrupt firm shall not prove in competi-
tion with the creditors of the firm.   They are, in fact,
his own creditors, and he can not be permitted to dimin-
ish the partnership assets to the prejudice of those who
are not only creditors of the firm, but also of himself.
If, therefore, a partner is a creditor of a firm, neither he
nor his separate creditors (for they are in no better pos-
ition than himself) can compete with the joint creditors
as against the joint estate.   Lord Hardwicke, it is true,
in *Ex parte Hunter*, (1 Atk. 223), allowed this to be done;
but that case has not, in this respect, been followed, and
has long been considered as overruled."—2 Lindley on
Partn., (Repalje Ed.), * 721, and authorities cited ; *Hart
v. Clark*, 54 Ala. 490 ; *Warren v. Taylor*, 60 Ala. 218 ;
*Farley v. Moog*, 79 Ala. 153 ; *Goldsmith v. Eichold*, 94 Ala.
116 ; *Buchan v. Sumner*, 2 Barb Ch. R. 167 ; *Jones v.
Fletcher*, 42 Ark. 422 ; *Paige v. Paige*, 71 Iowa 318 ; Story
on Partn., §§ 97, 360, 361 ; 13 Amer. & Eng. Encyc. of
Law, 611; 17 *Ib.* 1195.

The written agreement executed between the partners

[Goldthwaite, Receiver, v. Janney & Chency, Trustees;]
[Abraham v. Same.]

on the 17th May, 1879, recites, that in the course of their business, the three brothers composing the firm of Moses Brothers had acquired titles to real estate in the individual names of one or the other of said parties, and it was provided by that agreement, that all real estate or interest therein then held by either of the members of that firm, in his individual name, was the property of the partnership, having been brought into the firm, or bought with its funds for partnership purposes.

The testimony of M. C., H. C., and A. H. Moses, taken before the register, shows that the acquisition of real estate after that agreement was signed continued as before, viz., that in many instances the title was taken in the names of the partner effecting the transaction, but all real estate, whether the title was so taken, or in the name of the firm, was bought for the firm, paid for out of its funds and was taken and treated as its property, and not as the property of the member in whose name the title stood, excepting the residences of H. C. and A. H. Moses in Montgomery, and the residence of said A. H. Moses in Sheffield, and a lot given to him in Sheffield by the Sheffield Iron & Coal Company. A careful review of all the evidence satisfies us that the decree of the chancery court on this question was correct.

Let us now refer specially to the petition of Robert Goldthwaite, as receiver in the case of *Paul v. Knox*, in which it is stated that petitioner's claim had been adjudicated and allowed in this case, for $18,108. 11, as a claim against the estate of H. C. Moses; that said claim arose on account of trust funds in said Moses' hands as a receiver in the case of *Paul v. Knox*, which he advanced to the firm of Moses Brothers, of which he was a member, without taking the security required by the court; that Moses Bros. were indebted to said H. C. Moses for said advances at the time of the general assignment made by them and the members of said firm, and are still indebted to him for the same, and at the time of said assignment, "besides the property belonging to H. C. Moses individually and to which he had the legal title, he also held the legal title to some real estate, which in equity belonged, after the adjustment and payment of the claims of said H. C. Moses against said firm, to said firm of Moses Bros.; that as between said H. C. Moses

as an individual and the said firm of Moses Bros., the said H. C. was, at most, the trustee of the legal title of the property so held by him for said firm after the adjustment and payment of the said debt due by said firm to him, on account of said funds so advanced by him for the use of said firm, and that said property to which he, said H. C. Moses, thus held the legal title individually, was the individual property of said Henry Moses in equity, to the amount and extent of said advances for said firm, and being so, petitioner, as the creditor of said Henry C. Moses and the holder of said debt, is entitled to have said property regarded as the individual property of said Henry C. Moses, and to be paid out of the proceeds thereof, if the same is sufficient therefor." We have quoted this language of the petition to show the more plainly the position and contention of the petitioner. In short, this is the statement of the proposition, that real estate belonging to a partnership, but standing in the name of one of the partners at the time of the insolvency of the firm, is the individual property of such partner to the extent of his claim against the firm, so that, to such extent, such property must be distributed among his individual creditors rather than among the creditors of the partnership.

When H. C. Moses lent the money in his hands, as receiver, to Moses Brothers he was guilty of a breach of trust, in which his firm participated, if they knew the character of the fund that was lent them. By so doing he incurred a personal liability on himself to account for the money, and the borrowers, if chargeable with a knowledge of the violated duty, incurred a similar pecuniary liability; but, in contracting the debt, even if they participated in the breach of duty,—as we before now, in reference to this same matter, decided,—that fact did not change the nature of the obligation, so as to fasten a lien on their property for its payment. A lien, as we have said, is never an incident of a contract or money obligation, unless made so by the contract or by some rule of law.

The proposition submitted does not differ materially from the same question presented and decided in cases heretofore before us on appeal. It can not be sustained without overruling these and many other cases in this and other courts.—*Goldthwaite v. Ellison*, 99 Ala. 497;

*Ellison v. Moses*, 95 Ala. 221; 17 Amer. & Eng. Encyc. of. Law, 1195, and notes 2 and 3.

What we have said is equally applicable to each of the cases set forth in the transcript,—that of *Robert Goldthwaite, Receiver, v. Janney & Cheney, trustees, etc.*, and of *Adolph Abraham and others against same parties.*

There was no error in the rulings of the court below, and the decrees in each case must in all respects be affirmed. Let the appellants, each, pay one half of the costs of this appeal.

Affirmed.