# Dickens *v.* Dickens.

*Bill to Remove Administration from Probate to Chancery Court For an Accounting by Surviving Partner; for Injunction and Receiver.*

(Decided Jan. 15, 1908.   45 South. 630.)

1. *Equity; Administration of Estate; Bill of Removal.*—A bill filed by the distributee of an estate of a deceased partner against the surviving partner, who is also the administrator of the estate, seeking a removal of the estate from the probate to the chancery court, for an accounting by the surviving partner, his removal as administrator, for injunctive process to conserve the interests of all the parties and for a receiver to take charge of such assets patently contains equity.

2. *Partnership; Right of Surviving Partner; Who Entitled to Require An Accounting.*—In the absence of special circumstances and

[Dickens v. Dickens.]

conditions justifying it, a court of equity is without jurisdiction to protect and enforce the right of persons interested in the assets of a partnership, dissolved by the death of one of the partners, since the surviving partner is entitled to the exclusive possession and control of the property of the dissolved partnership and accountable only to the personal representative of the deceased partner.

3. *Receivers; Appointment.*—A bill filed by the distributee of the estate of a deceased partner against the surviving partner, who is also administrator of the deceased's estate, which charges the surviving partner with misappropriation and sequestration of the assets of the co-partnership to his own personal benefit, in violation of his obligation to wind up the business without delay and with due regard to the interests of those entitled to the proceeds, but which shows that the surviving partner and the administrator owns real estate sufficient to protect complainant against loss on account of such misappropriation or sequestration and that such surviving partner and administrator will be entitled to one-third of the net assets does not warrant the appointment of a receiver; although it is further charged that the respondent has attempted and will attempt to convert his property into portable assets that the whole may be readily concealed or removed without the jurisdiction of the court, where said latter charges are unsupported by the facts pleaded.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Carrie Dickens against Charles C. Dickens to remove administration from probate to chancery court; for an accounting by a surviving partner, and for injunction and receiver. From an order appointing a receiver without notice, respondents appeal. Reversed and remanded.

FRANCIS J. INGE, and STEVENS & LYONS, for appellant. The bill contains no averment of wrong doing on the part of appellant and no intendments are to be indulged.—*Pollard v. Southern Fert. Co.*, 122 Ala. 413. By the established practice independent of the statute courts of equity, being averse to interference ex parte will entertain in ordinary cases an application for the appointment of a receiver only after notice or rule to show cause.—*Morris, et al. v. Miller*, 87 Ala. 332. The statute expressly gives the right of appeal from an order appointing a receiver, but no appeal can be taken from the

rulings on motion to vacate such appointment.—*Miller v. Lehman,* 87 Ala. 519.

GREGORY L. & H. T. SMITH, for appellee. The bill is not without equity. It prays the removal of the administration of an estate from the probate to the chancery court, which may be done by one interested in the estate without the allegation of any special reason.— *Greenhood v. Greenhood,* 143 Ala. 442; *Noble v. Tate,* 119 Ala. 399; *Gould v. Hayes,* 19 Ala. 438; *Moore v. Randolph,* 70 Ala. 575; *James v. Faulk,* 54 Ala. 184; *Hill v. Armistead,* 56 Ala. 118; *Teague v. Corbitt,* 57 Ala. 529; *Bragg v. Beer,* 71 Ala. 151; *Otis v. Dargin,* 53 Ala. 178; *Bromberg v. Bates,* 93 Ala. 626. It is wholly unnecessary in bills of this character to aver the condition of the estate.—*Teague v. Corbett, supra.* It is also well filed against appellant as the surviving partner, nor was it necessary to set up the fact of insolvency.—*Alexander v. Steele,* 84 Ala. 334; 7 Ency. of Evi. 482. The bill is well filed because the surviving partner was also administrator of his deceased partner's estate.—*Cleere v. Cleere,* 82 Ala. 581; *Alexander v. Alexander,* 70 Ala. 218; *Duncan v. Simmons,* 2 S. & P. 356. The receiver was properly appointed.—*Calhoun v. King,* 5 Ala. 523; High on Injunction, sec. 532-3. The chancellor was justified in dispensing with notice.—Beech on Receivers, sec. 3; *Briarfield Iron Wks. Co. v. Foster,* 54 Ala. 622; *Werborn v. Kahn,* 93 Ala. 208; *Hendricks v. Amer. Freehold L. M. Co.,* 95 Ala. 316; *Ashurst v. Lehamn-Durr Co.,* v86 Ala. 381; *U. M. & C. Co. v. East Ala. Bank,* 29 South. 781. But even if it is necessary to give notice good cause is shown in this instance for the omission.—*Werborn v. Kahn, supra; Russell v. Farley,* 105 U. S. 433; *Staffordfield v. John,* 53 Ala. 107; *Bank of Florence v. U. S. S. & L. Co.,* 104 Ala. 209; *Gillette v. Higgins,* 142 Ala. 448.

McCLELLAN, J.—The bill is exhibited by a distributee of the estate of a deceased member of a copartnership against the surviving partner, who is also the administrator of the estate of the intestate, and prays the removal of the estate for administration from the probate into the chancery court of Mobile county, the removal of the administrator for causes averred, and for an accounting in the premises by the surviving partner in respect of his acts and doings in performance of the trust involved in the winding up of the dissolved (by death) copartnership, and also that injunctive process issued to conserve the interests of all parties in the assets of the concern, and that a receiver be appointed to take charge of such assets. The bill is, patently, not without equity.—*Greenhood v. Greenhood,* 143 Ala. 442, 39 South. 299.

The only question presented for our decision arises over the appointment, without notice, of the receiver sought. Summarized, without detracting from its force in allegation, the bill states a case against Charles C. Dickens, surviving partner, of misappropriation and personal sequestration of the assets of the copartnership nominated the "English Manufacturing Company," in violation of his duty to wind up the business of the copartnership thus dissolved without delay, and with due regard for the interests of those entitled to the proceeds of the trust estate. He is charged with the withdrawal of a vast amount of the assets of the concern, with converting a large part thereof into corporate bonds, which he has deposited in safety boxes among his personal effects and claims as his own, and with raising a bank account in his individual name upon appropriated funds rightfully belonging to the trust in his care.

The general rules of law governing the propriety of the creation of receiverships is well stated in the recent

case of *Hayes v. Jasper Land Co.,* 147 Ala. 340, 41 South. 909, where our adjudications are, largely, collected. Indeed, in this instance, there is really no serious controversy as to the law in the premises, though there is earnest conflict between the solicitors as to its application to the facts set forth in the bill. No power possessed by a court of equity is more circumscribed, for appropriate exercise, by expressed judicial limitation than that of appointing receivers; and the extremity of the given case that will warrant the creation of a receivership, without notice to the party whose possession of the property is to be affected by the receiver, if appointed, has been often defined and in the strongest language. We see no occasion to again collate the authorities, numbers of which are to be found in the briefs of solicitors in the cause. Nor is it necessary, in the light of repeated adjudication, to do more than state that the surviving partner is exclusively entitled to the possession, management, and control of the properties of the dissolved copartnership and to be called to account only by the personal representative of his deceased partner, unless special circumstances and conditions are shown that will justify the intervention by a court of equity to protect and enforce the rights of persons interested in assets of the dissolved copartnership.—*Davis v. Sowell,* 77 Ala. 262; *Blackburn v. Fitzgerald,* 130 Ala. 584, 30 South. 568. We are of the opinion that the matter set forth in the bill did not warrant the chancellor in appointing a receiver.

In *Warren v. Pitts,* 114 Ala. 65, 21 South. 494, through Brickell, C. J., it is said: "The solvency or insolvency of the party to be affected is an important consideration with a court of equity, in all cases guiding, if it does not govern, its discretion in the appointment of receivers." The bill here does not negative the solvency

of Charles C. Dickens, and it is mathematically deducible from its averments that he owns real estate of sufficient value to satisfy any demand that the allegations of the bill charge as a probably existing liability against him by reason of his conduct in respect of the trust falling into his hands for administration; and, besides, it further appears that of the aggregate net assets of the copartnership he will be entitled to one-third. But the complainant insists, and a favorable construction is given these allegations, that Charles C. Dickens has attempted and will continue to attempt to convert his realty and other properties, as well as the properties of the copartnership, into portable values, so that the whole may be readily concealed, or else removed without the jurisdiction of the court. It appears from the bill that the alleged purpose to sell the real estate had not been accomplished when the bill was filed. This charge of a merely apprehended fraudulent purpose on the part of Dickens with respect to his own properties is supported by averments manifestly vague and indefinite and the product of an averred anxiety, to reasonably justify which sufficient facts and circumstances do not appear from the bill. It would be harsh indeed to take from a solvent surviving partner the property to the possession of which he is ordinarily entitled and in which he has a substantial interest on an allegation that the complainant merely apprehended that his purpose was to convert his personal assets into properties easily concealed from the operation of the court's processes or to remove them without the court's jurisdiction. The fact, alone, that he had made an effort to dispose of a large and valuable tract of land, obviously does not tend to show an unlawful purpose in the premises. Such action, whatever the viewpoint here, is just as consistent with righteous motives as it is inconsistent therewith; and the complain-

ant, by simply drawing from the effort to sell her conclusion that the purpose therein was to remove his property beyond the reach of the court, cannot, without more particular allegation of facts and circumstances, give unlawful color to this action on Dickens' part.

The case, then, is one where, on the face of the bill, a solvent surviving partner has systematically breached his duty in the premises and appropriated to his own use a large part of the assets of the concern, and the general assertion, the anticipation arising from his past misconduct, that the interest of the complainant will suffer if Dickens is left in uncontrolled charge of the assets of the late firm. As indicated, the solvency of Dickens, which is not denied by the bill, will amply protect the complainant against loss because of the previous (to the filing of the bill )misconduct of Dickens in respect of the trust properties. And we entertain no doubt but that tht chancery court, having assumed, as it should, jurisdiction of the estate of James O. Dickens, deceased, an asset of which, subject to lawful liabilities, his interest in the English Manufacturing Company is, has abundant power to exercise surveillance over the surviving partner's future administration of the trust in his hands, to the end that the trust fund may be free from misappropriation. Accordingly, the order constituting the receivership is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.