Argued February 26, affirmed March 23, 1920.

## HURST v. HURST.*

(188 Pac. 182.)

**Mortgages—Burden is on Plaintiff Suing to have It Adjudged That Deed was Mortgage and had Been Paid.**

1. In a suit to have it decreed that a deed constitutes a mortgage and has been paid, and that plaintiff is the owner and entitled to the possession of the property, the burden is on him to establish the affirmative allegations of his complaint, especially the allegation of payment.

---

*For authorities discussing the question of burden of proof with respect to character of the transaction, see subdivision XIII, Section 106, of comprehensive note in L. R. A. 1916B, 185.

On position of new partner as to partnership real estate, see note in 28 L. R. A. 104.                      REPORTER.

Mortgages—Mortgagee Who had Never Been Repaid and had Purchased from Assignee for Creditors will be Treated in Equity as Owner.

2. Where members of a partnership executed a deed as security for the payment of money borrowed, taking a bond for title, and a new firm, their successors in interest, made an assignment for the benefit of creditors, and the holder of the security deed purchased the property from the assignee and was never paid the amount borrowed from her, she will be considered in equity as the owner.

Partnership—New Member of Firm Held to Acquire Interest in Land Treated as Partnership Property.

3. Where real estate was purchased by members of a partnership and used for partnership purposes only, and was considered as partnership property, and when one of them was succeeded by a new member of the firm both the old parties represented to him that the property was partnership property, and it was dealt with in such transaction as such property, the intention of the parties will govern, and the new partner acquired a one-half interest in the land.

From Douglas: JAMES W. HAMILTON, Judge.

Department 2.

This suit involves the title to lots 3 and 6 in block 6, in the town of Myrtle Creek, in Douglas County. The plaintiff filed suit, praying that a certain deed executed by plaintiff and his wife and one C. J. Rea to Margaret A. Hurst be declared to be a mortgage on said property, and that it be further decreed that the mortgage has been fully paid and that plaintiff be decreed to be the owner and entitled to the possession of the property. The trial court passed a decree in favor of defendants, from which plaintiff appeals.

On September 27, 1910, W. V. Hurst and C. J. Rea, partners under the firm name of W. V. Hurst and Company, engaged in the hardware and plumbing business at Myrtle Creek, Oregon, purchased from D. A. Morrison lots 3 and 6, block 6, in the town of Myrtle Creek, Oregon, for $1,680, and used the same in their partnership business in connection with lot 4 of block 6, in the same town, together with the buildings thereon which they owned at the time. The property so pur-

chased was encumbered at the time by two mortgages, one in favor of Jennie Bogardus for the sum of $500, and one in favor of Margaret A. Craig, who was the same person as Mary A. Hurst, for the sum of $400, both of which were past due. It appears that at the time of the purchase the sum of $680 was paid on the purchase price, and that in order to pay the balance of the purchase price which was represented by the amounts due on the two mortgages, Wm. V. Hurst and C. J. Rea borrowed the sum of $900 from Margaret A. Hurst, the mother of Wm. V. Hurst, and in order to secure the payment of the same made and executed a deed to said lots 3 and 6, block 6, to Margaret A. Hurst, and she in turn executed a bond for a deed to the premises in favor of Wm. V. Hurst and C. J. Rea, conditioned that upon the payment of the sum of $900, so loaned, together with interest at the rate of 8 per cent per annum on or before February 28, 1915, that she would reconvey the property to Wm. V. Hurst and C. J. Rea.

On March 11, 1912, Rea retired from the firm and his place was taken by one Van Buskirk, and the firm afterwards was known as Hurst and Van Buskirk, which succeeded to the ownership and possession of all the property and assets of the firm of Hurst and Rea, including the real property in question, it being understood at all times that the real estate was subject to the claim of Mrs. Hurst for $900 and that she held the title as security. The affairs of Hurst and Van Buskirk becoming involved, Van Buskirk on October 9, 1913, made an assignment of the hardware business, together with the real estate owned by the firm where said business was carried on, and also lots 3 and 6, block 6, to one Lasswell, and as assignee Lasswell sold to Margaret A. Hurst lots 3 and 6, block 6, of the town of Myrtle Creek.

Before the institution of this suit C. J. Rea quit-claimed to W. V. Hurst all his interest in lots 3 and 6, in block 6. W. V. Hurst claims that on October 14, 1913, long before the same was due he paid to Margaret A. Hurst the full sum of $900, together with accrued interest on the amount borrowed by W. V. Hurst and C. J. Rea; and also now claims that Margaret A. Hurst had no interest whatsoever in the lots and that no interest therein passed to her by virtue of the sale under the assignment proceedings.

Mrs. Margaret A. Hurst became the purchaser of the property in February 1914, paying the sum of $300 in addition to her lien of $900 and interest thereon. She died November 22, 1916, leaving a will by which she devised the property in question to David E. Hurst in trust for the use and benefit of Wm. V. Hurst during his lifetime, and upon the death of Wm. V. Hurst the property to vest in fee simple in the surviving children of David E. Hurst, who are named as defendants.

It is admitted by defendants that the deed made to Mrs. Hurst was intended as a mortgage. Defendants claim that whatever equity the firm of Hurst and Rea had in the property passed to the firm of Hurst and Van Buskirk and from them to the assignee; and that Mrs. Hurst by her purchase at the assignee's sale became the sole owner in fee simple of the property. Defendants deny that plaintiff ever paid to his mother any part of the loan of $900.

In addition to the fact that the assignee's deed passed title to Mrs. Hurst, defendants pleaded that the plaintiff is estopped to claim any interest in the land except what the will of his mother gives him, for the reason that during a period of more than two and one-half years he never made any claim that he owned

any interest in the property, either to his mother or to anyone else, until after her death, and that he stood by and saw his mother invest about $800 in improvements on the property.            AFFIRMED.

For appellant there was a brief over the names of *Mr. J. G. Watson* and *Mr. Ira B. Riddle*, with an oral argument by *Mr. Watson*.

For respondents there was a brief and an oral argument by *Mr. B. L. Eddy*.

BEAN, J.—The gist of plaintiff's complaint is that the lots in question were deeded to Mrs. Margaret A. Hurst to secure the payment of $900, and that he paid the debt and Rea, the other owner, quitclaimed to him. Therefore he is the owner of the property.

1. The burden of proof is on the plaintiff to establish the affirmative allegations of his complaint, and especially the alleged payment of the $900 to his mother, Margaret A. Hurst. After a careful reading of all the testimony in the case we think the plaintiff has failed to sustain the main allegation of his complaint.

2. The lots having been conveyed to Margaret A. Hurst by Wm. V. Hurst and C. J. Rea, the owners in fee thereof, and Mrs. Hurst having acquired all the equitable interest of the firm of Hurst and Van Buskirk, who were successors in interest to Wm. V. Hurst and C. J. Rea, partners under the firm name of W. V. Hurst and Company, and paid therefor the sum of $300 to the assignee for the benefit of the creditors of the later firm, and the $900 never having been paid, in equity Margaret A. Hurst should be considered to have been the owner of the lots.

3. There is an interesting discussion in the briefs as to partnership property which is often of great importance, but we fail to see that it becomes very material in this case, as no creditors of the partnership are making any claim to the property and no member of the two firms mentioned except plaintiff is asserting any right thereto. However, the testimony clearly shows that the property in question was purchased by Wm. V. Hurst and C. J. Rea, partners as W. V. Hurst and Company, and used for partnership purposes only, and when Van Buskirk, the partner who succeeded Rea, came into the firm both Hurst and Rea represented the property to be partnership property, and the documentary evidence shows that at the time of that transaction it was dealt with as partnership property by the parties interested. The evidence also shows that the property was at all times used for partnership purposes and considered as partnership property.

When real estate is paid for with partnership funds and used for partnership purposes, and the circumstances all show that the partners understood that the land should be partnership property, the intention of the parties as shown by the agreements and by their conduct will govern. Hence when Van Buskirk came into the firm he took a one-half interest in the land: *Jarvis* v. *Brooks,* 27 N. H. 37 (59 Am. Dec. 359); *Divine* v. *Mitchum,* 4 B. Mon. (Ky.) 488 (41 Am. Dec. 241); *Goldthwaite* v. *Janney,* 102 Ala. 431 (15 South. 560, 48 Am. St. Rep. 56, and note at p. 64, 28 L. R. A. 161); *Blakeslee* v. *Blakeslee,* 265 Ill. 48 (106 N. E. 470); *Darrow* v. *Calkins,* 154 N. Y. 503 (49 N. E. 61, 61 Am. St. Rep. 637, 48 L. R. A. 299).

In regard to the status of firm real estate in equity, it is stated in 20 R. C. L., page 853:

"Although under the rules of the common law, as already seen, a partnership as such cannot hold the legal title to land its ownership will be completely recognized in equity, regardless of the state of the legal title, it being of no importance who holds the legal title, or how he came by it, excepting so far as these facts express or reveal the intention of the partnership."

The decree of the lower court was right and is affirmed.                        AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.