39 So.2d 237

**McGOWIN et al. v. ROBINSON et al.**

**8 Div. 472.**

Supreme Court of Alabama.

Feb. 24, 1949.

Wilkinson & Skinner, of Birmingham, for appellants.

Marion F. Lusk, of Guntersville, for appellees.

SIMPSON, Justice.

The demurrer was sustained to that aspect of the bill praying for an injunction and the appointment of a receiver and overruled as to the other aspects, from which latter ruling the defendants McGowin bring this appeal.

The case made by the bill (except aspect praying for injunction and receiver) is: Thomas E. Robinson was the owner of a certain tract of land in Marshall County, Alabama, subject to a $500 mortgage held by defendant Lusk, and in May, 1947, conveyed, subject to said mortgage, an undivided one-half interest to defendant Ralph A. McGowin for a named considera-tion, but in reality the real consideration was a greater sum than as stated in the conveyance, leaving still a balance on the purchase price of $14,500. Said Robinson died intestate in November, 1947, leaving Gertrude K. Robinson and D. O. Robinson as his sole heirs at law. Appellee Giles is the administrator of his estate. Prior to the sale to McGowin, Robinson had begun an enterprise in the nature of a tourist court business and was constructing certain cottages and buildings, a restaurant, etc., on the land and the two men, after McGowin's purchase, formed a partnership to operate the tourist court business and Robinson until his death was managing it; a joint bank account was opened in which to place the operating capital and decedent deposited $7,000 of his own funds and Mc-Gowin was also supposed to have deposited a sum. The appellees, as the personal representative and the mother of intestate Robinson, brought the bill against Ralph A. McGowin, D. O. Robinson (father of decedent), Lusk, the mortgage holder, and Clifford McGowin, whom Ralph McGowin had placed in charge of the management of the business after Robinson's death. The bill prays for a division in kind or sale for distribution of the jointly owned real estate, for an accounting by Ralph Mc-Gowin of his trusteeship in winding up the dissolved (by death of Robinson) partnership, and a settlement thereof, and also an accounting by the younger McGowin as manager after decedent's death of the firm's business, for an establishment of a vendor's lien on Ralph McGowin's interest for the balance due of the unpaid purchase price, and for the settlement of other incidental equities such as the payment of the Lusk mortgage.

There are many grounds of demurrer, but boiled down the appeal challenges the action of the court in overruling them because it is contended the bill shows (1) the real estate was partnership property and as such was not subject to such proceeding until the surviving partner had exercised his exclusive prerogative of managing and controlling the business until (within a reasonable time) it had been wound up and settled; (2) the same contention as to the partnership business; (3) a misjoinder of

parties. We think a consideration of these three propositions will suffice to dispose of the contentions advanced here for a reversal. They will be discussed in order.

We do not construe the bill as showing that the lands were partnership property, but on the contrary as the joint property of the individual partners as tenants in common. No pretense is made by the allegations that the lands were acquired with partnership funds or as partnership lands or were so considered and agreed to after the organization of the partnership. It was only the business operated on the real estate that constituted the partnership between Robinson and McGowin. The law is plain on this point.

Prima facie the status of title to real estate is precisely as indicated by the muniment. McKleroy v. Musgrove, 203 Ala. 603, 608, 84 So. 280. And, generally, in order to constitute land partnership property its acquisition must have been "with partnership funds or on partnership credit and for the uses of the partnership"; these two factors must concur and the mere use of real estate for partnership purposes does not "impress upon it the character of partnership property." Hatchett v. Blanton, 72 Ala. 423, 425; Humes v. Higman, 145 Ala. 215, 223, 40 So. 128.

And, though the land has been paid for with partnership funds, prima facie, it is clothed in all its legal characteristics as property of the individual members of the firm as tenants in common, its equitable ownership depending on the intention of the partners to be deduced from a consideration of their conduct, and course of dealing or their agreements, express or implied. McKleroy v. Musgrove, supra, 203 Ala. 603, 608(7, 8, 23), 84 So. 280; Hurst v. Smith, 227 Ala. 664, 151 So. 825.

It is clear the bill does not reveal the land as partnership property, but only as used for partnership purposes, the title thereto resting in the individuals as tenants in common, Robinson's title and interest at his death descending to his lawful heirs subject to such rights as his personal representative might have in the process of administering on his estate.

The challenge (2) to the bill that the surviving partner could not thus be called to account and made to settle the business because of the right, generally, of a partner to the exclusive management and control of the firm's assets for a reasonable period, in order to wind up the business, is answered by a reference to Sections 5th, 6th, and 9th of the bill, which set forth special conditions and circumstances which if proven would warrant equitable interposition. The case made by this aspect of the bill is that shortly after Robinson's death Ralph McGowin, the surviving partner, assumed active control of the enterprise and property, including the firm's bank account and, over the protest of complainants, made changes in the physical properties and in the policy, management, and uses thereof and, contrary to an agreement between the parties as to the method of winding up the dissolved firm's business, installed his own son and family in the main dwelling house, utilizing some of the firm's funds for the upkeep and support of this son's family; that in violation of his duty to wind up the business of the dissolved partnership without delay and with due regard to the interest of those entitled to the benefits of the partnership, he had, together with his said son, to whom he had entrusted the management of a portion of the firm's business, failed to report weekly earnings of the business, as was agreed between the parties, but has presented false reports and refused to divide the cash receipts as contemplated; that the two McGowins have disposed of some of the properties of the partnership and utilized the proceeds as their own; have commingled partnership property with their own, resulting in danger of deterioration or destruction of the partnership assets; that since the death of Robinson, not only have the two McGowins incurred additional debts against the old firm in such operation of the business, but have radically departed from the original adventure entered into between McGowin and the deceased Robinson.

Our judgment is that these allegations suffice to invoke the beneficent powers of equity to call the partner to account and force him to wind up and settle the partnership affairs. When "special circumstances and conditions are shown that will justify the intervention by a court of equity,

694

to protect and enforce the rights of persons interested in assets of the dissolved copartnership, Davis v. Sowell, 77 Ala. 262; Blackburn v. Fitzgerald, 130 Ala. 584, 30 So. 568," a case in equity is made to this end. Dickens v. Dickens, 154 Ala. 440, 444, 45 So. 630, 631.

Neither can it be said that there was a misjoinder of parties (3), the main contention being that the heirs and personal representative of Robinson are improperly joined as plaintiffs. It would appear from the allegations of the bill that the principal item of value is land; and interrelated with this property of the individual partners is the business enterprise operated thereon. On this status the bill charges the older McGowin has violated his trusteeship by treating the firm assets and business as his own and is wasting and injuring the property and has incurred new debts and is discharging them with funds of the dissolved firm, which also owed debts, and on such basis the bill seeks relief in several aspects: (a) Division of the lands; (b) accounting; (c) imposition of a trust on property acquired by the elder McGowin with firm assets; (d) establishment of a vendor's lien on his interest for the balance of the purchase price of the property. It is difficult to conceive how equity could completely resolve the controversy without the administrator and the heirs of the deceased partner joining in the litigation against the surviving partner and his son, to whose management the business had been entrusted.

The administrator is a proper party to force a settlement of the dissolved partnership, Dickens v. Dickens, supra, and to enforce payment of the balance of the purchase price for land, as the vendor's lien is a chose in action and therefore a personal asset of the estate. Mancill v. Thomas, 216 Ala. 623, 114 So. 223. And as regards the real estate, the bill contemplates a sale for division among the joint owners, including a distribution among the heirs of intestate Robinson. Title thereto descends to the heirs but subject to interception for administrative purposes by the personal representative, Loeb v. Callaway, 250 Ala. 524[3], 35 So.2d 198, and the administrator, together with one or more

of the heirs, may properly file a bill in equity for this purpose. Code 1940, Title 61, § 245; Hardwick v. Hardwick, 164 Ala. 390, 51 So. 389.

It is clear there was no misjoinder of parties. We appraise the argument addressed to this challenge of the bill as more properly an attack on it for multifariousness, since, of course, the real estate and the partnership business are different subjects to be dealt with. But here again the partnership business and the land on which it is situated are so interrelated that, in the exercise of a wise discretion, the Chancellor could, properly, compose all the controversies and settle all the equities in this single litigation, as indeed it would be his duty. Equity Rule 15, Code 1940, Title 7 Appendix, p. 1055; City of Mobile v. McCown Oil Co., 226 Ala. 688, 148 So. 402; City of Carbon Hill v. Merchants Bank & Trust Co., 237 Ala. 55, 185 So. 387; Littleton v. Littleton, 238 Ala. 40, 188 So. 902.

On the same general principle, of course, the son, Clifford McGowin, who is charged, as manager of the business, with misappropriating the firm's monies and properties, was a proper party to be called to an accounting of his stewardship as an incident to settling the main equities.

In our view the points urged for error cannot be sustained.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.