91 So.2d 472

**James T. MERRILL, Ind. and as Adm'r,**

**v.**

**Manine Merrill ZERA et al.**

**4 Div. 897.**

Supreme Court of Alabama.

Dec. 21, 1956.

Albert L. Rankin, W. H. Albritton and Albrittons & Rankin, Andalusia, for appellees.

Lightfoot & Bricken, Luverne, for appellant.

PER CURIAM.

This cause comes here on appeal by James T. Merrill, Individually and separately as administrator of the estate of A. F. Merrill, deceased, and of Annie R. Merrill, deceased, from a decree overruling his demurrer to a bill in equity by Manine Merrill Zera against the said James T. Merrill, individ-

ually and separately as administrator of the two named estates, and against Mary M. Johnson. Mary M. Johnson also separately demurred to the bill, but has not joined in the appeal nor assigned errors.

The bill of complaint alleges that A. F. Merrill died intestate on November 5, 1940, and left surviving a widow, Annie R. Merrill, and three children (James T. Merrill, Manine Merrill Zera and Mary Merrill Johnson), who are parties to this suit. On December 5, 1940, the said Annie R. Merrill was appointed administratrix of the estate of A. F. Merrill. As such administratrix she took over possession of all the property of decedent, and on February 3, 1941, she filed an inventory of all the real and personal property of the estate showing a valuation of $31,760.27 for the personalty and $47,286 for the realty, or a total of $79,046.27. The bill alleges that she made no distribution, but added to the estate the dividends, income, profits and accretions; that she made no final settlement of her administration and was not discharged as administratrix, nor was dower or homestead set apart to her. Annie R. Merrill died intestate on July 26, 1951, leaving surviving as her sole heirs and distributees the three children named above. That on September 4, 1951, James T. Merrill was appointed administrator of the estate of A. F. Merrill and on the same day was also appointed administrator of the estate of Annie R. Merrill. In applying for letters of administration of the estate of A. F. Merrill, James T. Merrill alleged in his petition that the personal and real property of said estate were worth $80,000; and his petition for letters on the estate of Annie R. Merrill alleged that she had stocks and bonds of the value of $15,000. That although six months had expired since the grant of such letters he had failed to file accounts and vouchers for final settlement of the administration of A. F. Merrill's estate by the said Annie R. Merrill as administratrix, as he is required to do by section 320, Title 61, Code, and has failed to account as administrator de bonis non of the estate of A. F. Merrill, and has made no distribution of the assets;

and that the children are entitled to an accounting and distribution of the estate. Neither estate owes any debts.

■ The bill then alleges (in paragraph 10) that on April 1, 1952, the said James T. Merrill obtained from complainant, Manine Merrill Zera, a statutory warranty deed executed by her conveying to him all her right, title, interest and claim in and to all the real property described in the bill as that owned by A. F. Merrill at the time of his death, for a consideration of $5,000 then paid to her. On the same day the said James T. Merrill obtained from complainant as a part of the transaction in which the deed to the realty was obtained, a bill of sale conveying to him for a consideration of $5,000 all of her right, title, interest and claim in and to all the personal assets and property of the said A. F. Merrill, deceased. The bill alleges that the value of the real and personal property belonging to the estate of A. F. Merrill and his heirs was at that time worth approximately $225,000, of which $55,000 was personal and $170,000 real estate. The bill then alleges that said deed and bill of sale were procured by fraud, and set out in detail in what the fraud consisted. We do not deem it necessary or material to set out those details. But it is sufficient to say that the allegations fully meet the requirements of our many cases in that respect. Although appellant contends they are not sufficient, we do not think it necessary to analyze the bill in that respect. The question is discussed and analyzed in respects here pertinent in many of our cases, among them Groover v. Darden, 259 Ala. 607, 68 So.2d 28; Milliner v. Grant, 253 Ala. 475, 45 So.2d 314; Floyd v. Green, 238 Ala. 42, 188 So. 867; Walling v. Thomas, 133 Ala. 426, 31 So. 982.

The only other contention made by appellant is that the bill is multifarious, in that it seeks an accounting by the administrator of the estate of Annie R. Merrill, including her administration of her husband's estate; a consolidation of the administrations of the two separate and distinct estates; and a distribution of the prop-

erty of the two estates among the distributees thereof.

■ Insofar as the administration of the estate of Annie R. Merrill includes her acts as administratrix of the estate of her husband, the ordinary procedure is for her administrator, James T. Merrill, within six months after the grant of letters to him on her estate, to make final settlement of her administration of the estate of her husband, A. F. Merrill. Section 320, Title 61, Code. The succeeding administrator of the estate of A. F. Merrill should be a party to that settlement. Section 321, Title 61, Code.

■ But here the succeeding administrator of the estate of A. F. Merrill is also James T. Merrill. The administrator of the estate of A. F. Merrill would be antagonistic to the administrator of the estate of Mrs. Merrill and, therefore, James T. Merrill could not serve both estates on that settlement. Ordinarily, under those circumstances, an administrator ad litem should be appointed of the estate of A. F. Merrill. Section 165, Title 61, Code. But section 322, Title 61, was enacted to meet such situation as here exists. So far as here pertinent that statute is as follows: "But if more than six months have elapsed from the original grant of letters and there remains no other act of administration to be done than making distribution or payment of legacies, and the estate is solvent, the court must at once proceed to decree distribution or payment of the legacies directly to those entitled".

As applied to the instant situation, we think the statute means that if both estates are in the status there indicated, it is not necessary to have a succeeding administrator or one ad litem of the estate of A. F. Merrill in order for the administrator of the estate of Mrs. Merrill to make settlement of her administration of the estate of A. F. Merrill, but that her administrator can make such settlement directly with the distributees of the estate of A. F. Merrill. Cook v. Castleberry, 233 Ala. 650, 173 So. 1; Ex parte Baker, 118 Ala. 185, 23 So. 996.

We think the statute also means that when the estate of A. F. Merrill is in the status there indicated, the distributees of his estate may cause an immediate distribution of its assets, including those, if any, which are in the possession of the administrator of the wife's estate. So that, under the provisions of that statute, as thus interpreted in the case of Cook v. Castleberry, the principle seems clear that after the expiration of six months from the issue of letters as to each estate separately, when there are no debts unpaid or owing by either estate and therefore both estates are solvent, the court in which both administrations are pending may, at the instance of the distributees or one of them, cause a distribution of all the assets of both estates. Such is the status of the two estates here involved.

■ A court of equity has the inherent power in its discretion to consolidate causes pending in it when the proceedings are in rem with no personal judgment sought. Hagan v. Riddle Co., 209 Ala. 606(3), 96 So. 863. Cf. Equity Rule No. 15, Code 1940, Tit. 7 Appendix. See, McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237; Brantley v. Brantley, 251 Ala. 493, 38 So.2d 8.

■ The bill of complaint prays the court to exercise its discretion to make the consolidation so as to adjust the equities between the parties and to make an equitable distribution of the assets of both estates to the distributees after fixing their respective rights to the same. We think the bill is not thereby rendered multifarious, nor is it multifarious for other reasons to which our attention has been directed. The decree of the trial court should therefore be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of section 32, Title 13, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.