This appeal concerns a suit to have a resulting trust declared in favor of Minnie C. Strother in certain lands deeded by various grantors to her three sons or to Strother Brothers, a partnership. The trial court held that under the facts and the applicable law Minnie Strother was not entitled to have a resulting trust in the lands declared in her favor.
John C. Strother, Sr., who died in 1935, was the husband of Minnie C. Strother and the father of James B. Strother, Claude C. Strother, and John C. Strother, Jr. The Strothers acquired the lands which are the subject of this suit during the time between the death of John C. Strother, Sr. and the death of his son, James B. Strother, on or about August 19, 1966. Some thirty real estate transactions were involved, wherein title to these lands was taken in one of the following four ways:
 (a) James B. Strother, John C. Strother, Jr., and Claude C. Strother; or
 (b) James B. Strother, John C. Strother, Jr., and Claude C. Strother, Partners doing business as Strother Brothers; or
(c) Strother Brothers, a Partnership; or
 (d) J.C. Strother, C.C. Strother, and J.B. Strother, Partners doing business as Strother Brothers.
None of the deeds named Minnie C. Strother as grantee.
Some ten years after the death of James B. Strother, Minnie, Claude, and John Strother brought two suits, one for partition and the other for sale for division of various parcels of the property, seeking to have Minnie Strother declared the owner of a one-fourth interest in the lands. The *Page 849 
suits were consolidated for trial and are here in one appeal.
The Strother Brothers partnership operated a cattle business, but the Strothers never executed a written partnership agreement. The issue at trial and before this Court is whether Minnie Strother was a partner with her sons and, if so, whether the lands were taken as partnership property of which Minnie Strother owned a one-fourth interest. Stated otherwise, the issue is whether she contributed part of the purchase price for the lands in question so as to be entitled to a resulting trust. If so, the heirs of James Strother take only a one-fourth interest in the lands, whereas if Minnie Strother[1]
is not entitled to a one-fourth interest, as the trial court held, the heirs of James Strother take a one-third share.
In Goldthwaite v. Janney, 102 Ala. 431, 15 So. 560 (1894), this Court cited authorities for the proposition that real estate may be partnership property even though taken in individual partners' names if it is bought with partnership funds or credit for partnership purposes. The Court stated:
 "Whether the land belongs to a firm or to one of the individuals composing it, — when the title is in his name, and not in that of the firm, — must be solved by what appears to have been the intention of the parties. Prima facie, ownership is where the muniment of title places it, but if by all the circumstances attending the transaction, — which may be shown by parol, if there is no written evidence, — it is made to appear, that in the intention of the parties, it was purchased for and was treated as partnership property, that presumption of ownership arising from the face of the deed will be overcome, and the property will be treated as belonging to the partnership. Authorities supra."
Id., 102 Ala. at 438, 15 So. 560. In Goldthwaite evidence was taken before a register showing that the property "was bought for the firm, paid for out of its funds and was taken and treated as its property, and not as the property of the member in whose name the title stood," id., except for the partners' residences and one other lot.
To like effect are Cooper v. Cooper, 289 Ala. 263,266 So.2d 871 (1972); McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237
(1949); and McKleroy v. Musgrove, 203 Ala. 603, 84 So. 280
(1919). In Cooper, a register similarly concluded that "the evidence was sufficient to overcome the presumption of individual ownership by the six respondents," 289 Ala. at 271,266 So.2d 871, where two partners had conveyed their property to the individual partners. The register also found that when the two partners originally bought the property in their individual names, the property belonged to them individually and not to the partnership. The trial court and this Court sustained both findings.
In both Cooper and McGowin it was noted that the mere use by the partnership of property owned by one or more partners as individuals does not impress upon it the character of partnership property. In McGowin, supra, the Court held that the land was owned by the partners as tenants in common and not by the partnership, stating that "[i]t was only the business operated on the real estate that constituted the partnership between Robinson and McGowin." Id., 251 Ala. at 693,39 So.2d 237.
In McKleroy v. Musgrove, supra, a register made findings based on detailed proof that certain stocks were not partnership property but belonged to the individual partners, citing the rules relied on in each of these cases that the condition of the land is prima facie that indicated by the muniment of title and that the equitable ownership is a question of fact as to the intent of the parties. Again, as inCooper and Goldthwaite, supra, this Court affirmed the decision of the trial court, which was based on a register's finding.
In the case at bar no detailed factual presentation was made to support the contention *Page 850 
that Minnie Strother was an equal partner with her sons and that the land was partnership property bought with partnership funds or on partnership credit. No written partnership agreement was ever executed. The evidence that Minnie was a partner consisted chiefly of testimony by the accountant for Strother Brothers that one-fourth of the partnership profits were paid to Minnie and Claude Strother's bare assertion that his mother's funds were part of the purchase money used to buy the lands. We find no error in the trial court's finding, as follows:
 ". . . There was absolutely no evidence to establish that Minnie C. Strother ever intended, during her lifetime, to have any interest in the lands until this suit was instituted, which was after Minnie C. Strother had become a very old person and her two (2) sons were the principals in the institution of the suit. The muniment of title standing in the names of the three (3) sons in each of the Deeds spoke the truth. Some of the Deeds are the only written evidence that establishes the members of the Partnership of Strother Brothers and these members were James B. Strother, Claude C. Strother, and John C. Strother, Jr. All of the evidence disclosed that before the death of James B. Strother the Partnership was engaged in the cattle business and it appears from the evidence that this Partnership that was created before the death of James B. Strother was nothing more than an operating Partnership."
Thus, the trial court's judgment is sustainable on the ground that the plaintiffs produced insufficient evidence to prove that the property was paid for with partnership funds or on partnership credit. Claude Strother testified that the lands were bought with partnership funds and that Minnie Strother contributed part of the purchase price, but these assertions were not supported by any exhibits nor by any detailed testimony.
The bulk of the trial court's opinion and judgment dealt with the theory of a resulting trust. Indeed, this Court has observed that the doctrine which allows property bought with partnership funds for partnership purposes to be treated as partnership property rests "on the broad foundation of a resulting trust," McKleroy v. Musgrove, supra, 203 Ala. at 608,84 So. 280 (citations omitted).
A resulting trust may be established in favor of one providing purchase money where a named grantee has used another's money to purchase property, but the facts setting up the trust must be shown by clear and convincing evidence. Simsv. Sims, 259 Ala. 296, 66 So.2d 445 (1953); Rodgers v.Thornton, 254 Ala. 66, 46 So.2d 809 (1950); Banks v. Banks,253 Ala. 252, 44 So.2d 10 (1950); Lauderdale v. Peace BaptistChurch of Birmingham, 246 Ala. 178, 19 So.2d 538 (1944); Heflinv. Heflin, 216 Ala. 519, 113 So. 535 (1927).
The trial court held that the Strothers who were attempting to establish the resulting trust in favor of Minnie C. Strother did not meet their burden of proof:
 "From all the evidence it is apparent to the Court the three (3) sons owned the real estate in their individual capacities just as set forth in the various Deeds. There was no evidence as to how and when the purchase money was acquired by the three (3) grantees of the Deeds and to create a Resulting Trust, it is an indispensable requisite that the purchase money be furnished at or before the purchase. It must result at the time title passes, the basic principle being the investment of one's funds, not intended as a gift, in the purchase of the property and taking title in another's name. If no money was so invested at the time of the purchase, when title taken [sic], a subsequent contribution as part payment does not create a Resulting Trust. The Plaintiffs in this case have failed in their proof in that there was no evidence Minnie C. Strother paid any part of the purchase money at or before the purchase of the land. This would have necessitated the Plaintiffs going into each separate real estate transaction wherein the Deeds were acquired and it was absolutely essential *Page 851 
that proof be offered that Minnie C. Strother paid part of the purchase price either directly or through the Partnership and that she did not intend the same to be a gift to her three (3) sons. The contents of the James B. Strother Will referring to the Partnership strongly establishes that the Partnership, prior to his death, consisted only of he [sic] and his two brothers. The Plaintiffs have failed to establish beyond reasonable controversy by clear, full, satisfactory, and convincing evidence that a Resulting Trust was created. Banks v. Banks, 44 So.2d 10, 253 Ala. 252. While the Defendants also contended, as a defense, that the Statute of Limitations or the Doctrine of Laches barred the Plaintiffs from asserting a Resulting Trust, the Court is of the opinion it is not necessary to decide this question because the Court is not convinced from the evidence that the Plaintiffs have met the burden of proof cast upon them in order to establish a Resulting Trust. The Court is of the opinion no Resulting Trust was established and that the Defendants own a one-third (1/3) undivided interest in all of the lands that were described in the two (2) Complaints. Due to the large acreage, the Court is of the opinion said lands may be equitably divided among the owners without a sale of said lands."
The decision of the trial court is in accordance with the evidence of record and the applicable law. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] Minnie Strother died prior to the trial of the case, leaving all of her property to her sons Claude Strother and John Strother, Jr. John Strother, Jr., also died prior to trial. Claude Strother is the executor of both estates.