## DENT *vs.* SLOUGH.

[BILL IN EQUITY BY WIFE, AGAINST SURVIVING PARTNER OF DECEASED HUSBAND, FOR DISCOVERY AND ACCOUNT.]

1. *Liability of husband for profits of wife's separate estate.*—The husband is not liable for the profits of the wife's statutory separate estate (Code, § 1983,) although he has used both the income and *corpus* of the property in partnership business with another person.

2. *Termination of trust by death of husband.*—On the death of the husband, the wife's statutory separate estate is discharged of the trust, and the legal title vests absolutely in her; consequently, she may sue at law for its recovery, and cannot sue in equity without showing some independent ground of equitable relief.

3. *Investment by husband of wife's trust funds in mercantile partnership.*—If the husband invests moneys belonging to the wife's statutory separate estate in a mercantile partnership, his wife's claim against his estate, after his death, is that of a general creditor merely, and cannot be enforced as a trust against the partnership business; nor can she maintain a bill in equity against the surviving partner, for an account of the profits realized after the death of the husband.

4. *Discovery and account; when bill lies by wife.*—Although the husband is not accountable to the wife for the profits realized from a mercantile partnership, in which he had invested moneys belonging to her statutory separate estate; and although she cannot maintain a bill in equity against his surviving partner, for an account of the profits realized by the partnership business, after the death of the husband; yet her bill may be maintained as an ordinary bill for discovery and account, if it contains the necessary allegations as to the complication of the accounts, and the necessity of a discovery from the books of the partnership.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. N. W. COCKE.

THE bill in this case was filed, on the 30th January, 1866, by Mrs. Fanny Dent, the widow of Dennis Dent, deceased, against Robert H. Slough. Its material allegations, with the corresponding numbers of the paragraphs of the bill, are the following: 1. The complainant and said Dennis Dent were married in December, 1855; and the complainant then owned, or was entitled to, a separate estate, under

the laws of Alabama. 2. About two years after said marriage, Dennis Dent formed a partnership with the defendant, and carried on, with him, in the city of Mobile, the business of factors and commission-merchants, under the firm name of Slough, Dent & Co., until the death of said Dennis Dent, which occurred on the 20th August, 1863. 3. During the existence of said partnership, the complainant's brothers paid to her said husband, at various times, moneys belonging to her said separate estate, amounting in the aggregate to $12,402.86, "which was at once passed into the books of said partnership, and was used and employed by said firm, with a full knowledge, on the part of both partners, that said moneys belonged to the complainant's separate estate as aforesaid. "The said firm, as complainant is informed, believes, and charges, opened an account with her, crediting her with the moneys thus received, and charging her with disbursements made on her account; which account ran through five or six years, or more, and is a complicated trust account. No notice or information of such employment of her money was given to complainant, and no statement whatever of her account has been rendered to her. She has been informed, and believes that, at the time said partnership was dissolved by the death of her husband, the books of the firm showed a large balance in her favor, not less than six or seven thousand dollars, besides interest; and she charges such to be the fact." 4. On the dissolution of the partnership, its available assets were more than sufficient to pay all its debts and liabilities. 5. The defendant "has never settled up said partnership business, and has taken no steps toward such settlement; on the contrary, he has gone on and employed the partnership assets, and the funds so held in trust for complainant, as though no dissolution had taken place; has used its assets, and said trust funds, in conducting new enterprises, speculations, and business, just as if they were his exclusive property, and is now using the same in the cotton factorage and commission business, and in various speculations, carried on under the style of R. H. Slough & Co., in which he is the sole person interested." 6. At the time of the dissolution of the firm of Slough,

Dent & Co., said Slough had no other means of his own than such as he had invested in said partnsrship.

7. " During the late war, said R. H. Slough was largely engaged in blockade running, cotton, and other speculations ; and, as complainant is informed and believes, and therefore charges, so used the assets of said firm, and the said trust funds of complainant, and made large sums of money from the use of said assets and funds, and now claims that the same belongs to him solely ; and he has so commingled the proceeds and acquisitions from those sources, with the present business done under the name of R. H. Slough & Co., that the same cannot be separated therefrom, except upon a discovery and disclosure from said Slough." 8. "Said Slough, as complainant is informed and believes, and therefore charges, has no property that is visible, or out of which any decree that may be rendered in favor of the complainant, can be satisfied, by any ordinary execution of the court ; but, in order to defraud complainant, has converted her said trust funds, and all his other means, into, and now has derivable therefrom, equitable interests, property, money, or things in action, which complainant has been unable to discover ; and she is fearful that he will make way with, or place the same beyond the control of this court. Complainant has reason to believe, and therefore charges, that said Slough used her said separate-estate money to acquire, and now holds, derived from this source in whole or in part, some real estate, or chattels real, in possession, reversion, or remainder, or some interest therein ; or some personal property, of some nature or kind, consisting of money, plate, jewelry, furniture, goods, wares, merchandize, cotton, ships, steamboats, stocks, public or private, in some government funds, insurance company, or some other company or companies, chartered or unchartered, or some interest therein ; or some evidences of debt, or things in action, in his own possession, power, or custody, consisting of bank-notes, treasury-notes, or notes of some kind intended to pass as money, book-accounts, due-bills, drafts, checks, promissory notes, bills of exchange, certificates of deposit, policies of insurance, bonds, leases, mortgages, judgments, or other securi-

Dent v. Slough.

ties, or some interest therein ; or that Slough is interested, as a partner or otherwise, through complainant's said funds, with some other person or persons, company or companies, unknown to complainant, who hold some real or personal property, or some interest therein, or something in action, in trust, or under some colorable title, for the benefit of said Slough, or of his family, in possession, reversion, or remainder, proceeding from the said Slough, or from some deed or instrument creating a trust in his favor. All which matters and things complainant is ignorant of, and prays a full disclosure as to them from said Slough ; and she believes and charges, that said moneys, property, and things in action so possessed by said Slough, or held in trust for him, or his interest therein, is of value sufficient, and more than sufficient, to make good and satisfy the moneys of complainant, so used and appropriated by said Slough, in the acquisition of such equitable rights, interests, and property, if, upon such discovery, she should not elect to adopt the investments." 9. "Complainant has no means of establishing a full and correct account of the amount of her separate estate, received and used by said firm as aforesaid, except through the books of said firm, and through and by a disclosure from said defendant ; nor of the mode and manner in which the same was invested by the said firm, and by said Slough since the dissolution of said firm ; and she is informed, and charges that, in the manner said account was kept by said firm, and by said Slough since its dissolution, the items of the account are numerous, running through a series of years, and are complicated, and can only be properly adjusted, and the account properly stated, by a court of equity."

The prayer of the bill was, that an account might be taken, "not only of the amount received from or for complainant, and passed into the books of Slough, Dent & Co., or which said firm may have used and enjoyed, with interest thereon, but also upon any profits made by said firm, or by said Slough since its dissolution, should such profits be found to exceed the interest"; that the books of the partnership might be produced, and also the books kept by Slough since its dissolution ; that a decree might

be rendered in favor of the complainant for the amount so found due to her; "that any property, equitable interests, rights, choses in action, or other things, which her separate property may have contributed to acquire, may be charged with such amount so found due to her, and held to satisfy the same, unless, upon discovery, she elect to claim an interest in such property; and for the orders necessary to that end."

The chancellor sustained a demurrer to the bill for want of equity, on the ground that the complainant had an adequate remedy at law; and his decree is now assigned as error.

J. L. Smith, for appellant.—1. The money which the complainant's husband invested in the partnership was charged with a trust, and was received by the defendant with a knowledge of the trust. The transaction can not be treated as a loan to the firm, except at the option of the wife. The husband could not lend to the firm of which he was a member, the firm having a knowledge of the nature of the fund. He could not sue, at law, the firm of which he was a partner. The husband had no right to subject the trust estate to the hazards of trade, and the wife might have enjoined him. As to the wife's right to charge the defendant as an implied trustee with the profits realized from the use of her funds, see Hill on Trustees, 171, 172, 173; 2 Story's Equity, § 1258; Collyer on Partnership, § 456, and cases cited in note; *Palmer v. Mitchell*, 2 My. & K. (8 Eng. Ch.) 181; *Freeman v. Fairlee*, 3 Mer. 44; *Stewart & Irvine v. Fry's Adm'r*, 3 Ala. 579.

2. The bill ought certainly to have been sustained on the grounds of discovery and account.—1 Story's Equity, §§ 462-4, 458; *Halsted v. Rabb*, 8 Porter, 63; *Perrine v. Carlisle*, 19 Ala. 686; *Corporation &c. v. Wilson*, 13 Vesey, 279; *Weymouth v. Boyer*, 1 Vesey, 426; *Hunley v. Hunley*, 15 Ala. 98; *Dickerson v. Lockyer*, 4 Vesey, 36.

E. S. Dargan, *contra.*—The husband was not liable for the rents and profits of the wife's separate estate.—Code, § 1983. The death of the husband discharged the trust,

and left the complainant's remedy at law adequate and complete.—*Sessions v. Sessions*, 33 Ala. 525 ; *Bennett v. Bennett*, 36 Ala. 572.

BYRD, J.—1. Dennis Dent was not liable for the profits of the separate estate of his wife held under the Code, although he used the *corpus* and *income* in business with another.—Code, § 1983 ; *Weems v. Bryan*, 21 Ala. 302; *Sessions v. Sessions*, 33 Ala. 522; *Andrews et al. v. Huckabee*, 30 Ala. 152 ; *Whitman v. Abernathy*, 33 Ala. 154; *Bennett v. Bennett*, 34 Ala. 53.

2. Upon the death of the husband, the separate estate of the wife is discharged of the trust, and the legal title vests absolutely in her.—*Andrews v. Huckabee, supra.* And she may sue at law for its recovery, and can not sue in equity, unless she can do so upon some ground *independent* of the existence of the former relation of trustee, which the law imposed upon the husband.—*Sessions v. Sessions, supra; Bennett's Adm'r v. Bennett*, 36 Ala. 572.

3. The trust funds in the hands of the husband, though mingled with his own, and incapable of being distinguished, will not be chargeable with the trust, but will remain a mere moneyed liability, and the wife must come in as a general creditor against his estate. If he carries on a mercantile business with the trust funds, the trust can not be visited on the business.—*Goldsmith v. Stetson*, 30 Ala. 167. And upon the same principle, the wife can not visit the trust upon the funds in the hands of the partner of the husband during his life, nor after his death, for any profits realized in the partnership business. And this court having decided, that by the death of the husband the trust ceases, and the legal title vests absolutely in the wife discharged of the trust, it would seem to follow, that the surviving partner of the husband is not liable to account for any profits he may have realized from the funds after the death of the husband, and that he is only liable as a debtor for the principal and interest.

4. The allegations of the third and ninth paragraphs of the bill, taken in connection with the averments of the bill, and the prayer thereof, entitle appellant to a discovery and

account from the appellee, as the surviving partner of the firm of Slough, Dent & Co.—1 Story's Eq. Jur. §§ 70 to 74; 2 *ib.* §§ 689 to 691; *Perrine v. Carlisle,* 19 Ala. 686; *Halsted v. Rabb,* 8 Porter, 63; *Knott v. Tarver,* 8 Ala. 743; *Nelson v. Dunn,* 15 Ala. 502. But the discovery and account will be limited to the amount of the money of the separate estate received by the firm of Slough, Dent & Co., and the disbursements made by them and properly chargeable against appellant, and interest on the amount due her at the death of her husband. Any payments or disbursements made to, or on her account, legally chargeable against her, will also be matter for the consideration of the chancellor, as also all other matters connected with the settlement of the account.

The decree of the chancellor, dismissing the bill, is reversed, and the cause remanded for further proceedings.