## Wells *v.* Brown.

*Bill in Equity for Settlement of Partnership Accounts.*

1. *Limitation of suit for account.*—A bill in equity for the settlement of partnership accounts, filed against the surviving partner by the personal representative of the deceased, must be filed within six years from the last item of debit or credit, or other like partnership transaction, on account between the partners, from which a promise to pay any balance due may be implied against the defendant.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 27th December, 1879, by James Wells, as the administrator of William Wells, deceased, against Joseph A. Brown, as the surviving partner of the late firm of Brown & Wells; and sought an account and settlement of the affairs of the said partnership. The partnership of Brown & Wells, according to the allegations of the bill, was formed in 1857, and carried on a mercantile business at Whitesburg in said county, "until broken up by the war in 1862; and it was then expressly agreed between the said parties, that said Brown should take the sole charge and control of the partnership business, collect the assets, pay off the liabilities, and account to the said William Wells for his half" of the assets. It was alleged, also, that Brown, acting under this agreement, collected outstanding debts due to the partnership, amounting in the aggregate to twenty thousand dollars; and it was alleged, on information and belief, that "many of these collections were made within the last six years." Said William Wells died, intestate, on the 12th October, 1872; and letters of administration on his estate were granted to the complainant on the 4th November, 1872. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error, together with the overruling of the complainant's several exceptions to the register's report on the statement of the account between the parties.

CABANISS & WARD, and HUMES, GORDON & SHEFFEY, for appellant.

11

[Hill v. Rutledge.]

BRANDON, McDAVID & BRICKELL, *contra.*

SOMERVILLE, J.—The bill is one for the settlement of a dissolved copartnership, filed against the surviving partner by the personal representative of the deceased partner. Such a suit is barred in equity unless commenced within six years of the last item of debit or credit, or other like partnership transaction, on an account between the partners, from which a promise on the part of the defendant may be implied to pay any balance that might be due by him on final settlement.—*Bradford v. Spyker*, 32 Ala. 134; *Brewer v. Browne*, 68 Ala. 210.

Under this rule the present suit is barred, and can not be sustained.

Affirmed.