(88 South. 224)

### HILL v. HILL. (6 Div. 25.)

(Supreme Court of Alabama. Nov. 11, 1920.)

**l. Equity ⬨273—Amendment of bill for partnership accounting held not departure.**

Where original bill of complaint for dissolving a mercantile partnership alleged that the partnership succeeded to the business of a former partnership between the complainant and respondent and a third person, which allegation was omitted in an amended bill, which alleged terms of the partnership agreement, the amended bill was not a departure, the partnership being the same, notwithstanding the elimination of immaterial allegations as to its

origin and inducements, or the addition of allegations showing terms variant from those originally alleged.

**2. Partnership ⬅⬆327(1)—Relief obtainable under bill for partnership accounting, though technical partnership not shown.**

Since equity has jurisdiction to compel accounting and settlement between joint adventurers who are quasi but not technical partners, failure to show a technical partnership will not affect the equity of a bill for a partnership dissolution and accounting, nor prevent the granting of appropriate relief, though the relief which might be granted in such a case under the general prayer would rest on a different basis.

**3. Partnership ⬅⬆322—Creditors not necessary or proper parties to suit for accounting.**

Generally, creditors are neither necessary nor proper parties to a suit between partners for a firm settlement and accounting.

**4. Partnership ⬅⬆327(2)—Bill for accounting not defective for failure to pray for ascertainment and payment of debts.**

A bill for accounting was not defective in failing to pray for ascertainment of partnership debts, since in determining the share of liquidated assets to be finally awarded the several partners the amount of the firm's indebtedness must necessarily be ascertained and deducted from gross assets, which would be done with or without a prayer to that effect, and if, upon ascertainment of the amount due complainant, the respondent should elect to pay and satisfy such claim, and assume the firm indebtedness to complainant's satisfaction, it would apparently be unnecessary to liquidate the assets or disturb respondent in the further prosecution of the business.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by O. C. Hill against Mose Hill to settle and dissolve a partnership. Decree for complainant, and respondent appeals. Affirmed.

The original bill of complaint was filed for the purpose of dissolving a mercantile partnership formed by agreement between complainant and respondent in March, 1911, at Tarpley City, in Jefferson county, Ala., where the business was conducted. There is also a prayer for an accounting as to partnership affairs, and for the payment to complainant of such a proportion of the assets as he might be entitled to. It was alleged that this partnership of Hill & Son succeeded to the business and assets and assumed the debts of a former partnership between complainant and respondent and a third person (Hill & Son), organized in 1908, and carried on at the same place until March, 1911.

In the bill as last amended, after demurrers sustained, the formation and terms of the partnership are alleged as follows:

That on, to wit, March, 1911, complainant, O. C. Hill, and the respondent, Mose Hill, pursuant to a verbal agreement had between them, formed and entered into a partnership business for the purpose of conducting and carrying on a general mercantile business; that they opened up said business at said time at Tarpley City, Jefferson county, Ala., with a stock of goods, groceries, merchandise, and effects, which was worth in value, to wit, $4,500, in which complainant owned an interest of, to wit, $250, and the remaining interest therein was owned by the respondent; that complainant and respondent agreed that all of said stock of goods, groceries, merchandise, and effects should become assets of said partnership, and that respondent should receive, to wit, $4,000, from the assets of said partnership before a division of its assets should be made between them as partners in order to repay respondent the difference in the value of their respective investments put into the business as said; that complainant and respondent agreed that each of them should have an equal undivided one-half interest in said partnership business as a partner therein, and to said extent each of them should share in the profits and losses in said business.

Paragraph 10 of the amended bill is as follows:

(10) That all the right, title, and interest, both legal and equitable, of complainant and respondent, as partners under the firm name of Hill & Son, in and to each of every parcel of the real estate described in this bill of complaint as now amended should be sold, and the money received from such sale, together with all the personal property and assets of said partnership of Hill & Son, should be applied: First, to the payment of all debts of said partnership, including the costs of this cause; and, second, to a proper division of all that remains of said property between complainant and respondent, share and share alike.

The special grounds of demurrer were:

1. (a) There is no equity in the bill as last amended.

2. (a) Said bill as last amended is a radical and complete change and departure from the original bill, and makes a new case.

3. (a) Said bill as last amended attempts to aver the formation of a limited partnership, omitting necessary legal requirements.

4. (a) Said bill as last amended fails to allege the formation of such a partnership as the court is authorized to dissolve.

5. (a) The averments of said bill as last amended show outstanding debts of said alleged copartnership of $8,600, to the payment of which all the assets of said alleged copartnership are subject before there can be a division between partners.

6. (a) No provision is made for the payment of partnership debts, and no prayer of said bill asks that the partnership debts be ascertained and paid before a division of the partnership property.

7. (a) The real estate described in said bill cannot be sold for division between said alleged partners before a settlement of the partnership liabilities.

⬅⬆For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morris Loveman, of Birmingham, for appellant.

The bill fails to show the existence of a partnership in such sense as to give the court jurisdiction of the subject-matter. 100 Ala. 362, 14 South. 488; 147 Ala. 512, 40 South. 319; 180 Ala. 3, 60 South. 63; 94 Ala. 116, 10 South. 80, 33 Am. St. Rep. 97; 53 Ala. 205, 25 Am. Rep. 607; 59 Ala. 587. The complainant is not entitled to any division of the real estate or any of the partnership property until provision has been made for the payment of the partnership debt. 2 Stew. 378; 19 Ala. 596, 54 Am. Dec. 200; 24 Ala. 37; 102 Ala. 431, 15 South. 560, 28 L. R. A. 161, 48 Am. St. Rep. 56; 50 South. 281.

W. M. Woodall, of Birmingham, for appellee.

The amendment did not constitute a departure. 56 Ala. 147; 62 Ala. 550; 188 Ala. 449, 66 South. 22; 200 Ala. 595, 76 South. 953. As last amended, the bill sufficiently shows a partnership. 129 Ala. 258, 30 South. 91; 59 Ala. 587; 62 Ala. 358; 37 Ala. 201. In Alabama, partnership real estate is considered as personalty for the purpose of sale, for the payment of partnerhhip debts and division of assets between partners. 92 Ala. 522, 9 South. 182, 25 Am. St. Rep. 83; 62 Ala. 358; 23 Ala. 337. Under the prayer of the bill, the debts must be ascertained and paid before anything else is done. 90 Ala. 470, 7 South. 920; 30 Cyc. 749.

SOMERVILLE, J. [1] The allegations of the bill of complaint as last amended do not show any departure from the cause of action exhibited, or from the nature of the relief sought, by the original bill. The partnership as to which dissolution and settlement are sought is obviously one and the same, and its identity is not impeached by the elimination of immaterial allegations as to its origin and inducements, or by the addition of allegations showing terms which are variant from those originally alleged.

The subject-matter and the relief remaining substantially unchanged, the amendment was properly allowed as a matter of right, and the amended bill was not subject to demurrer as for a departure. McGhee v. Alexander, 104 Ala. 116, 16 South. 148; Ward v. Patton, 75 Ala. 207.

[2] The bill as last amended sufficiently shows the contract and status of partnership, including the necessary stipulation that each of the partners should share in the profits and losses in said business. Howze v. Patterson, 53 Ala. 205, 207, 25 Am. Rep. 607; Causler v. Wharton, 62 Ala. 358, 362.

[3, 4] But it is to be observed that a court of equity has jurisdiction to compel accounting and settlement between joint adventurers who are quasi, but not technical, partners. Saunders v. McDonough, 191 Ala. 119, 67 South. 591. And while the relief which might be granted in such a case under the general prayer would rest upon a different basis, the failure to show a technical partnership would not affect the equity of the bill, nor prevent the granting of appropriate relief.

"As a rule creditors are neither necessary nor proper parties to a suit between partners for a firm settlement and accounting." 30 Cyc. 724.

No creditors have been made parties to this suit, and the rights of creditors are not at issue. In determining the share of liquidated assets to be finally awarded to the several partners, the amount of the firm's indebtedness must of necessity be ascertained and deducted from gross assets, and this would be done with or without a prayer to that effect.

If upon the ascertainment of the amount due this complainant, the case made by the bill being established, the respondent should elect to pay and satisfy the claim, and assume the firm indebtedness to the satisfaction of complainant, it would seem to be unnecessary to liquidate the assets or disturb respondent in the further prosecution of the business. Otherwise, the relief sought would involve a sale of the entire assets of the firm, including good will, and the practice usually is to make provision for notice to creditors, and allow them an opportunity for filing and proving their claims, and sharing in the distribution as they may be entitled. 30 Cyc. 746(c).

We hold that the bill as last amended contains equity, and is not subject to any of the special grounds of demurrer insisted upon.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.