**MARTIN v. CAMPBELL et al. (8 Div. 365.)**

(Supreme Court of Alabama. April 13, 1922. Rehearing Denied May 11, 1922.)

**1. Parties ⬅83—Only defendants improperly joined entitled to object.**

The question of misjoinder of a defendant may only be interposed by a party claiming to be wrongfully joined.

**2. Partnership ⬅318—Personal representative of deceased partner may invoke equity to coerce firm settlement.**

In proper cases the personal representative of a deceased partner may invoke equity to coerce a surviving partner to an account and settlement of the firm's affairs.

**3. Partnership ⬅298—Rights of personal representative of deceased partner for accounting against surviving partners stated.**

The right of the personal representatives of deceased partners to an accounting against the surviving partners results from their interest in the assets of the firm and the liability of the estate of the deceased partner to contribute to make good any deficiency there may be after the partnership property is applied in payment of the debts; it not being essential to the representative's right to equity's aid that anything should be found due the deceased partner's estate on such accounting.

**4. Partnership ⬅86, 87—Sharing profits and losses in proportion to contributions binding on partners as between themselves.**

The sharing of profits and losses among partners in proportion to their respective contributions to the capital is binding on the partners as between themselves.

**5. Partnership ⬅327(1)—Averments in bill for accounting held to give it equity.**

Where it was averred in the bill for a partnership accounting that plaintiff's decedent paid in one-fourth of the capital, and that the articles of partnership provided for a sharing of profits and losses among them in proportion to their respective contributions to the capital, and prayed that each of the other defendants be permitted to propound their claim against the partnership, and that the claims be ordered and decreed to be paid by the members of the partnership in proportion to their respective interests, it gave the bill equity.

**6. Exemptions ⬅98—Waiver of exemption of personal property affected only partner signing note.**

Where one of the partners signed a partnership note in which exemption of personal property was waived, the waiver of the exemption only affected the exemption rights of the partner so signing.

**7. Partnership ⬅327(3)—Cross-bills propounding claims of creditors held sufficient assertion of debts in suit for accounting.**

Where an original bill by the administrator of a deceased partner for an accounting averred that defendants other than surviving partners held debts against the firm, the amounts being unknown, cross-bills, responding as answers to the call upon creditors to propound claims, propounding claims as firm debts, were sufficient assertion of the binding character of the indebtedness propounded.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by W. T. Campbell, as administrator of the estate of O. N. Lyon, deceased, against G. W. Martin and others, for accounting and settlement of a partnership composed of O. N. Lyon, W. R. Clayton, and G. W. Martin. From a decree overruling his demurrers, Martin appeals. Affirmed.

John A. Lusk & Son, of Guntersville, for appellant.

Creditors of an alleged partnership are improper parties to a bill for settlement of the partnership. 205 Ala. 33, 88 South. 224; 30 Cyc. 724. The bill is defective in its failure to aver the death of Lyon, when and where, and the appointment of administrator. 73 W. Va. 231, 80 S. E. 361, Ann. Cas. 1916E, 116–118. Creditors of partnership cannot maintain suit in equity as original or cross complainants, on a bill by one partner, or his representative, for settlement of the partnership. 205 Ala. 33, 88 South. 224,

Street & Bradford, of Guntersville, for appellees.

Appellant cannot avail of the objection that other persons than himself are improperly made parties defendant. 91 Ala. 375, 8 South. 290; 67 Ala. 274; 85 Ala. 56, 4 South. 140. The bill avers that Campbell is the administrator of Lyon, and it is presumed on collateral attack that the appointment was proper. 94 Ala. 616, 10 South. 603; 29 Ala. 623; 45 Ala. 577.

McCLELLAN, J. [1] Campbell filed this bill in his capacity of administrator of the estate of O. N. Lyon, deceased. The bill's design is to have an accounting and settlement of a partnership, originating in 1917, composed of Lyon, G. W. Martin (appellant), and W. R. Clayton. The surviving partners are made parties defendant along with several creditors of the firm. In his demurrer to the original bill Martin took the objection that these creditors were improperly joined as defendants. Since only defendants so improperly joined may interpose the stated ob-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jection, this ground of Martin's demurrer was without merit. Ware v. Curry, 67 Ala. 274; Campbell v. Davis, 85 Ala. 56, 4 South. 140; Bolling v. Vandiver, 91 Ala. 375, 8 South. 290.

[2] It appears from the bill, though by necessary inference only, that Lyon has died, thereupon dissolving the firm. When this occurred is not stated. The date of his death and the consequent dissolution should have been averred. Campbell sues in the capacity of administrator of Lyon, deceased.

In proper cases the personal representative of a deceased partner may invoke the powers of a court of equity to coerce a surviving partner to an account and settlement of the firm's affairs. McLaughlin v. Simpson, 3 Stew. & P. (Ala.) 85, 86; 2 Rowley on Part. § 657; Story on Part. (7th Ed.) § 347; Wickliffe v. Eve, 17 How. (U. S.) 468, 469, 470, 15 L. Ed. 163; 20 R. C. L. p. 1004; Secor v. Bank, 92 App. Div. 294, 87 N. Y. Supp. 181, 184; 15 Encyc. Pl. & Pr. pp. 1070, 1071; 30 Cyc. p. 649.

Whether it is essential to the construction of an all-sufficient bill (unaided by another cause to invoke equity's powers), by a personal representative of a deceased partner for an accounting by the surviving partner (in whom the exclusive right to wind up the affairs of the partnership is vested), that it should be averred that the surviving partner is neglecting his duty in the premises or some other reason for the interposition of equity's powers (see Story on Part. [7th Ed.] § 347, among others), is a question not raised by any specific ground of the demurrer to the original bill. No account seems to have been taken of this matter in our early case of McLaughlin v. Simpson, supra.

It is averred in the third paragraph of the bill:

"That said partnership owns no assets except a few notes of doubtful value, and that same cannot be collected at this time."

There is no intimation, even, that profits were made or ever existed or that any member or members was or were indebted at any time to the firm or to each other in that relation. According to the averments of the bill, particularly those quoted ante, there are no collectable assets of the late firm or assets of value; hence the bill presents no occasion or necessity for an accounting with a view to a distribution of net assets. Indeed, it sufficiently appears from the bill that the firm is indebted in a sum in excess of assets.

[3] The right of the personal representatives of deceased partners to an accounting against the surviving partner or partners "results from their interest in the effects of the firm and the liability of the estate of the deceased partner to contribute, to make good any deficiency there may be after the partnership property is applied in payment of the debts"; it not being essential to the personal representative's right to equity's aid in the premises that anything should be found due the deceased partner's estate on such accounting. Cheeseman v. Wiggins, 1 N. Y. Super. Ct. R. 595, 597; Story on Part., supra.

[4, 5] It is averred in the bill that Lyon paid in one-fourth of the capital of the concern, and that the articles of partnership provided for a sharing of "profits and losses" among them in proportion to their respective contributions to the capital. Between the partners this definition of the rights of the respective partners to any profits gained or of liability inter sese for losses incurred or resulting was binding upon them. 1 Rowley on Part. § 295; 30 Cyc. p. 452. Consequent upon the allegation indicated, the original bill prays:

"That each of the other defendants be permitted to propound their claim against said partnership, and that said claims be ordered and decreed to be paid by the members of said partnership in the proportion of their respective interests in said partnership."

This aspect of the bill gives it equity; the creditors enumerated taking no objection to their joinder or otherwise questioning the obligatory quality set forth in the averments descriptive of the articles of partnership.

The creditors severally answered the bill, admitting all the averments of fact therein, propounded their respective claims, constituted their answers cross-bills, and prayed money judgments against the late firm and its members, including the estate of Lyon, the deceased partner.

In view of the averments of the bill, its design and prayer, quoted ante, there was no occasion or necessity for cross-bills; the protection and enforcement of the rights of these creditors in the premises being invited in the original bill. Farmers' State Bank v. Kirkland, 200 Ala. 146, 147, 75 South. 894; Haralson v. Whitcomb, 200 Ala. 165, 166, 75 South. 913. The cross-bills possess no equity. Haralson v. Whitcomb, supra. From these considerations, however, it might well be concluded at this point that no real prejudice resulted to appellant from the overruling of his demurrers to the several cross-bills. The appellant Martin's demurrers to the several cross-bills did not question the equity of the cross-bills. The grounds of the demurrers to the several cross-bills were special in character only; the first assuming, improperly, to object to the cross-bills because the cross-complainants were not proper parties to the original bill. If, as appears, the creditors make no objection to being made parties defendant, the already stated theory of the original bill's equity undoubtedly rendered them proper parties defendant thereto, excluding the present bill from the influence of the general rule set forth in Hill v. Hill, 205 Ala. 33, 88 South. 224.

[6] One of the cross-bills propounded a claim represented by a partnership note in which exemption of personal property was waived; but it is averred that the note was signed in the partnership name, "per W. R. Clayton," one of the partners in the firm who also is a party defendant in the original and cross causes. The waiver of exemption thus made affected the exemption rights of Clayton only; there being no allegation of special authorization to that end by Martin (appellant) or Lyon, the other partners. Terrell v. Hurst, 76 Ala. 588. Since the averments of this cross-bill did not undertake to enforce the asserted waiver of personal exemptions against Martin, who alone demurred, no right of his to personal exemptions was questioned or assailed thereby. Hence this feature of Martin's demurrer to the cross-bill was overruled without error.

[7] The original bill avers that the defendants, other than the surviving partners, held debts against the firm, the amounts being unknown to original complainant. The cross-bills, responding as answers to the call upon the creditors to propound their claims, propounded their several claims as firm debts. In the posture of the pleading in this cause, this was a sufficient assertion of the authoritative, binding character of the indebtedness propounded.

While the court did not err to appellant's prejudice in overruling his demurrers, very restrictedly grounded, to either the original or the cross bills, it must be observed that the original bill should be recast, if the rules of good pleading are properly regarded.

As for the grounds of the several demurrers interposed, the decree overruling them is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.