(96 South. 785)
**CLEMENTS et al. v. LAVENDER.**
(6 Div. 763.)

(Supreme Court of Alabama. June 9, 1923.)

1. **Executors and administrators 430—Bill by partner's widow for partnership accounting held brought individually, not as administratrix.**

A bill alleging that complainant, giving her name, was a resident citizen over the age of 21 the widow of a decedent, and had been duly appointed his administratrix, and seeking to recover for the conversion of partnership assets by respondents who had been her husband's partners, is a bill by her in her individual capacity and not in her representative capacity as administratrix.

2. **Executors and administrators 426—Can maintain bill against partners of intestate who have converted firm assets.**

The administratrix of a deceased partner can maintain a bill in equity against the other partners who had converted the firm assets to their own use.

3. **Partnership 327(1) — Bill held not to show right of widow of deceased partner to an accounting.**

A bill alleging that complainant's deceased husband was a partner of respondents and owned an undivided one-third interest in the firm property, that respondents, after his death, continued to operate under the firm name, treating the property as their individual prop-

erty, and had converted the firm assets to their own use, shows no special circumstances which would justify complainant in proceeding individually to the enforcement of her rights derived from her husband's relation to the partnership that was dissolved by his death.

**4. Appeal and error ⬡⟹873(1)—Amendment to bill after appeal was perfected cannot be considered.**

An amendment to a bill in equity so as to make the suit one by complainant in her capacity as administratrix, after demurrer to the original bill on the ground it was brought in her individual capacity had been overruled and appeal therefrom perfected, cannot be considered on that appeal.

·Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Bill by Nell Lavender against William Shirley and. O. B. Clements. From a decree overruling demurrer, respondents appeal. Reversed and remanded.

The introductory part of the bill is:

"Your oratrix, Nell Lavender, respectfully represents unto your honor as follows: That she is a resident citizen of Pickens county, Ala., and over the age of 21 years; that she is the widow of R. H. Lavender, deceased, and the administratrix of his estate; that she was appointed by the probate court of Pickens county, Ala., as such administratrix, and qualified as such on, to wit, the 29th day of November, 1919."

The substance of the bill's averments is that a short time prior to his death in 1919, R. H. Lavender formed a partnership with the respondents, known as Hebron Lumber Company, for the purpose of operating a sawmill; that each partner put into the firm money, the exact amount of which is unknown to complainant, and the firm purchased property the exact amount and description of which is likewise unknown to complainant; and that each of the partners owned an undivided one-third interest in the property. It is further averred that the respondents, after the death of R. H. Lavender, have continued to operate the sawmill under the firm name, making no report and paying no money to complainant, treating the property as their individual property, "and have converted the partnership assets to their own use." The prayer is for discovery, etc., and payment to her of one-third of the value of the partnership.

Respondents demurred to the bill on these, among other, grounds:

"The bill is by Nell Lavender, individually, and she cannot in her individual capacity, nor as the widow of R. H. Lavender, deceased, maintain the said bill.

"The bill is, by its terms, brought by complainant as an individual, and the averment that she has been appointed administratrix of the estate of R. H. Lavender, deceased, is descriptioni personæ."

Harwood, McKinley, McQueen & Aldridge and Jones, Jones & Van de Graaff, all of Tuscaloosa, and M. B. Curry, of Carrollton, for appellants.

Appellee is not entitled to maintain the bill individually. Sullivan v. Lawler, 72 Ala. 68; McGehee v. Alexander, 104 Ala. 116, 16 South. 148. The averment of appointment as administratrix in the first paragraph. is merely descriptive. Lucas v. Pittman, 94 Ala. 616, 10 South. 603. An amendment after appeal comes too late. · Cochrane v. Fuller, 17 Ala. App. 230, 84 South. 400; Ex parte Farrell, 196 Ala. 434, 71 South. 462, L. R. A. 1916F, 1257.

Patton & Patton, of Carrollton, for appellee.

No brief on the merits reached the Reporter.

McCLELLAN, J. [1-3] Appeal from decree overruling demurrer to original bill. According to the averments of the bill, the complainant sues in her individual, not representative, capacity as administratrix of the estate of her deceased husband (R. H. Lavender) who, the bills avers, was at the time of his death a copartner with respondents Clements and Shirley in a partnership doing a lumber or sawmill business. The conversion and appropriation of assets of the described partnership by the respondents—alleged copartners of complainant's husband in his lifetime—is expressly charged. If the bill had been filed in Mrs. Lavender's capacity as personal representative of her deceased husband, it would have possessed equity. Martin v. Campbell, 207 Ala. 505, 93 South. 477, 478, paragraph numbered 3. In application of pertinent general rule (Sullivan v. Lawler, 72 Ala. 68): As an individual complainant—in which capacity she alone impleads respondents—the bill's averments disclose no such special circumstances as would justify her proceeding *individually* to the enforcement of rights consequent upon her husband's relation to the partnership that was dissolved by his death. Rowley on Partnership, §§ 657, 715–719. See Dent v. Slough, 40 Ala. 518.

[4] The amendment, designed to change the capacity in which complainant sues, was introduced *after* the appeal was perfected. It cannot be considered on this review. The court erred in overruling the demurrer to the original bill. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.