51 So.2d 683

**MOORE v. MOORE et al.**

6 Div. 175.

Supreme Court of Alabama.

March 29, 1951.

Drennen & Drennen, of Birmingham, for appellant.

Gibson & Gibson, of Birmingham, for appellee.

STAKELY, Justice.

The appeal in this case is from a decree of the equity court overruling the demurrer of Joseph G. Moore (appellant) to the bill of complaint as last amended filed by Annie Pettus Moore, individually and as executrix of the estate of David S. Moore, deceased (appellee). The original

bill filed by Annie Pettus Moore individually and as executrix of the estate of David S. Moore, deceased, showed that Annie Pettus Moore as such executrix was granted letters testamentary by the Probate Court of Jefferson County, Alabama, on June 21, 1947, that the administration of the aforesaid estate is still pending in the Probate Court of Jefferson County and that Annie Pettus Moore was acting as such executrix at the time of the filing of the bill of complaint.

The original bill further alleged that Annie P. Moore and Joseph G. Moore are the joint owners of a number of separate tracts of land located in Blount County, Alabama, the tracts being respectively described in an exhibit attached to the bill, that Annie Pettus Moore is the owner of an undivided one-half interest in the real estate and that Joseph G. Moore is the owner of an undivided one-half interest in the real estate, and that the real estate cannot be equitably divided or partitioned without a sale thereof.

Lucille Moore, the wife of respondent Joseph G. Moore, was also made a respondent to the original bill there being allegations as to her ownership of dower and homestead rights in the interest of her husband Joseph G. Moore. Her separate demurrer to the bill, as last amended, was sustained and she is no longer a party to the suit.

There was no demurrer to the original bill but by answer the respondents admitted the allegations of the bill except the allegation that the property cannot be equitably divided or partitioned without a sale and by way of cross-bill alleged that they are the joint and equal owners with complainants of certain cattle, mules and farm implements located upon the land which they allege cannot be equitably divided without a sale thereof.

Thereafter a number of amendments were filed to the original bill, it being sufficient to show the allegations of the bill as last amended, because it is from the decree overruling the demurrers of Joseph G. Moore to the bill as last amended that this appeal has been taken.

The bill as last amended shows in brief that David S. Moore died on the 8th day of June, 1947, leaving a last will and testament which was admitted to probate in the Probate Court of Jefferson County, Alabama, on June 21, 1947. A copy of the will is attached as an exhibit to the bill as amended and shows that after the payment of funeral expenses and other debts all the property of the testator was bequeathed to his wife Annie Pettus Moore. She was named as sole executrix of the will without bond.

The bill as last amended further shows that on the 20th day of January, 1945, David S. Moore and the respondent Joseph G. Moore, who were then engaged as partners or joint adventurers in a farming enterprise upon lands contiguous to part of the lands which have been described, entered into an oral agreement for the purchase by them jointly as individuals of a tract of land known as the Daly Land or Dailey Land, this tract of land being one of the tracts described in the original bill. Under the terms of the agreement title to the tract of land was to be taken in the names of David S. Moore and Joseph G. Moore, as joint owners and tenants in common, and each was to pay one-half of the purchase price thereof. Pursuant to the agreement David S. Moore, acting for himself and for Joseph G. Moore, purchased the real estate at public auction and procured from the commissioner appointed to conduct the sale a commissioner's deed thereto in which David S. Moore and Joseph G. Moore were named as grantees, the consideration paid by David S. Moore being in the sum of $2800.

It is further alleged that notwithstanding the prior agreement, Joseph G. Moore did thereafter upon demand fail and refuse to pay and refund to David S. Moore his half of the purchase price of said lands and has continued to fail and refuse to pay and to refund to David S. Moore or to Annie Pettus Moore, as executrix of the estate of David S. Moore, deceased, his agreed half of the purchase price, to wit $1400.

It is further alleged in the amended bill that on the first day of January, 1932,

David S. Moore, the deceased husband of Annie Pettus Moore, entered into an oral partnership agreement with respondent Joseph G. Moore, whereby the parties agreed to engage in a farming and livestock raising enterprise and business for profit on certain lands situated in Blount County, Alabama, known as the Clarence Farm, this being in whole or in part the real estate described in the original bill of complaint. Under the terms of the agreement the parties agreed to contribute to the business an equal share of the money and personal property required to be used in and about the operation thereof and to share equally in the profits and losses arising from the business, that thereafter under and by virtue of the agreement the parties engaged together in said farming and livestock business and enterprise on said lands continuously from the day of the agreement until the death of David S. Moore on June 8, 1947, that during the period from the first day of January 1932 up to and including the 8th day of June 1947, inclusive, there resulted substantial losses the total amount of which the complainants do not at this time know, but they do allege for the years 1939 to 1947, inclusive, the further capital investment over operating profit exceeded the sum of to wit $42,000.

The bill further alleges that throughout the period from the beginning of the said business until the death of David S. Moore the capital investment in machinery, equipment, livestock and improvements utilized by the parties for and on account of the aforesaid business, was provided by David S. Moore from his personal funds but despite the agreement to share equally in the investment in capital goods and capital funds for the business, Joseph G. Moore contributed nothing.

It is further alleged that during the period from to wit January 1st, 1939 to June 8th, 1947 the farming and livestock business operated annually at a substantial loss or excess of operating expenses over gross operating revenue, all of which loss was paid by David S. Moore from his personal funds and to none of which Joseph G. Moore contributed and for none of which did he reimburse David S. Moore, despite the agreement to share equally the losses of the business. During said period as a result of the operation of said business David S. Moore paid from his personal funds on account of said losses, the sum of to wit $42,000.

It is further alleged that in addition to the sum paid by David S. Moore as operating losses, he paid during the period from January 1, 1932 through December 31, 1946 the sum of to wit $11,822.18 from his personal funds for farm machinery and equipment for and on account of said business, and despite his agreement to contribute one-half thereof, Joseph G. Moore contributed nothing and has in no amount reimbursed David S. Moore for his expenditures.

It is further alleged that during the year 1947 from the first day of January until the date of the death of David S. Moore on June 8, 1947 David S. Moore expended from his personal funds for and on account of said business the further sum of $5,467.71 for improvements, capital assets and operating deficit, of which sum Joseph G. Moore, despite his said agreement, has contributed nothing and for which he has made no reimbursement to David S. Moore.

It is further alleged that from the 8th day of June, 1947 to and including the 27th day of February, 1948, respondent Joseph G. Moore as surviving partner, assumed sole management and control of the assets and operation of the business, but did not proceed to convert the assets into money or to pay the debts thereof, but on the other hand continued to operate the same, making numerous purchases, sales and exchanges of personal property and incurring further operating losses in to wit the amount of $1828.19, all of which losses were paid by Annie Pettus Moore, as executrix of the estate of David S. Moore, deceased.

It is further alleged that during this period Joseph G. Moore received and collected certain moneys from the sale of crops and livestock all of which he retained and converted to his individual use and none of which he contributed to the operating losses and for none of which he has ac-

counted as to source or amount despite frequent requests from Annie Pettus Moore as executrix.

It is further alleged that complainants are not informed of the exact amount of money so retained and converted but are informed and believe and upon such information and belief aver that the same exceeded the sum of to wit $7,000.

It is further alleged that complainants are not informed of the details, character and amount of the various transactions of Joseph G. Moore in and about the continued operation of the business, which information upon request of Annie P. Moore, as executrix, he has failed or refused to reveal.

It is further alleged that the personal property, which is the subject matter of the respondents' cross bill, is the property of the farming and livestock business which David S. Moore, deceased, and Joseph G. Moore conducted upon the lands described in the original bill known as the Clarence Farm, it being alleged that because of the complicated nature of the affairs of the business and because of the failures of Joseph G. Moore to contribute to the business his proportionate share of capital investment and operating losses and his failure to divulge the details of its affairs since the death of David S. Moore, it is impossible to determine with accuracy the amount of the debt of the business adventure and the relative interests of the parties in and to the personal property located on the said Clarence Farm, which is the subject-matter of complainants' cross-bill, without a full and complete accounting of all the affairs and transactions of said business.

It is further alleged upon information and belief that neither of the respondents or either of them in equity own any interest in said personal property which comprises all the unliquidated assets of the business.

In the bill as amended in addition to the relief prayed for in the original bill, it is further prayed that the court declare any interest of Joseph G. Moore in the real property known as the Dailey Land to be subject to an equitable lien in favor of complainant Annie Pettus Moore, as sole devisee under the will of David S. Moore, deceased, to the extent of the agreed part of the purchase price thereof unpaid by Joseph G. Moore with interest and lawful charges; that a decree be entered directing the register to hold a reference for the purpose of determining the respective interests of the parties in and to the assets and liabilities of the business enterprise known as the Clarence Farm and stating the account between them, taking such testimony, examining such books of records, etc., pertaining to the business as are necessary and proper for the purpose of such determination and accounting and reporting to the court as to whether the complainants or either of them are indebted to respondents or either of them on account of the capital expenditures or operation of the farming and livestock business known as the Clarence Farm or whether the respondents or either of them are indebted to complainants or either of them for and account of capital expended in the operation of the business known as Clarence Farm or whether respondents or either of them are indebted in equity to the complainants or either of them on account of the purchase of the real estate described as the Dailey Land and whether or not the complainants or either of them is entitled to a lien upon the property known as the Dailey Land for and on account of the purchase of said real property by David S. Moore, as aforesaid, and whether or not the complainants or either of them are entitled to any lien or other interest in the real property which is the subject matter of the original bill, or upon the proceeds of any sale thereof for and on account of the payment of taxes, maintenance, capital expenditures or otherwise upon the property known as Clarence Farm in and about the development thereof for the purpose of livestock and for the farming business conducted upon the said property pursuant to the said agreement from the first day of January 1932 up to and including the time of the termination of the agreement. The bill as last amended includes a prayer for general relief.

■ I. The proposition is advanced that Annie Pettus Moore, as executrix, is not alleged to have an interest in the land

and, therefore, as such executrix is not a proper party complainant. This position however fails to take account of the situation which developed in the present case. Assuming for the sake or argument that this ground of demurrer would have had merit had it been presented to the original bill seeking the sale of lands for division, the filing of the cross-bill changed the entire situation. The respondents' answer admitted all the averments of the bill except that which alleged that the real property could not be equitably divided or partitioned without a sale. Not only did the answer come before and without objection to the alleged misjoinder of parties complainant, but it also included a cross-bill. The cross-bill alleged that the respondents and complainants were joint owners of certain personal property all located upon the land and prayed the sale of same for division. Whatever may have been the interest or lack of interest of the executrix in the real property, which was the subject of the original bill, clearly the executrix was a necessary party to any sale of personal property for division among the joint owners. As the personal representative she would be entitled to any sum received from the sale of personal assets. Upon the filing of the cross-bill the cause took on a dual aspect. It became one for the sale of real property for division to which the devisee Annie Pettus Moore was an essential party. And it also became one for the sale of personalty alleged to be jointly owned, among others, by Annie Pettus Moore, as executrix of the estate of David S. Moore, deceased. Thereafter followed various amendments to the original bill, setting up that the personal property involved constituted partnership assets. The result is that the bill as last amended involves the sale of real estate with an adjustment of the equities therein, the sale of the personal property, together with the settlement of the affairs of a partnership involving David S. Moore, deceased. We think it clear that Annie Pettus Moore was a proper party both as an individual and in her capacity as executrix. Dickens v. Dickens, 154 Ala. 440, 45 So. 630; McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237.

■ It is well to point out here that any matter which tends to give complainants additional right to relief or to defeat any counter claim of respondents may be properly introduced by amendment to the bill. Clark v. Whitfield, 213 Ala. 441, 105 So. 200; Templeton v. Scruggs, 234 Ala. 146, 174 So. 237; Equity Rule 27, Code of 1940, Tit. 7, Appendix, p. 1069.

■ II. It is further contended that the bill as amended is a departure from the original bill in that it seeks declaration of an equitable lien upon that portion of the original subject matter of the suit called the "Dailey Land". Obviously the claim for the lien is one involving the same parties and the same subject matter as involved in the original bill. There is no inconsistency between the averments of the original bill that the parties are joint owners of the real property described as the Dailey Land. On the other hand there is the express averment that the record title to this portion of the Clarence Farm Lands (described in the original bill) stands in the name of respondent and of decedent but alleges that in equity the title of respondent is subject to a lien for his failure to pay his agreed half of the purchase price, all paid by decedent. An adjudication of the question of the existence vel non of such equitable lien is necessary for the granting of full and complete relief with respect to sale of the real property described in the original bill. Having assumed jurisdiction of the subject matter, it is not only the right but the duty of the court to settle all equities and adjust all claims arising out of or affecting the interests of the parties in the subject matter involved or relating to the same property. Garrett v. First National Bank of Montgomery, 233 Ala. 467, 172 So. 611; Bean v. Northcutt, 240 Ala. 289, 199 So. 7; Jarrett v. Hagedorn, 237 Ala. 66, 185 So. 401; § 189, Title 47, Code of 1940.

■ III. Appellant takes the view that he has the right as well as the duty as surviving partner to wind up the affairs of the "Clarence Farm" and that he cannot be deprived of this right under the allegations of the bill. There is no doubt that the surviving partner has the primary right to pos-

session and management of the partnership assets, but his status with relation to it is a special and limited one, granted to him for a specific purpose. Davis v. Sowell, 77 Ala. 262. In this case it is said: "'The death of a partner invests the surviving partners with the exclusive right of possession and management of the whole partnership property and business; but only for the purpose of selling and closing the same * * *. The survivors have possession, and keep possession of every thing. Until a settlement, the representatives of the deceased can not claim or take any one chattel, or any portion of the merchandise. The survivors are, from the death, trustees for all concerned in the partnership; for the representatives of the deceased, for the creditors of the firm, and for themselves. Their trust is to wind up the concern in the best manner for all interest, and, therefore, without unnecessary delay; and their powers are such as enable them most effectually to execute that trust. * * *.'" Parsons on Partnership (4th Ed.) § 345. See also Didlake v. Roden Grocery Co., 160 Ala. 484, 49 So. 384, 22 L.R.A.,N.S., 907, 18 Ann.Cas. 430.

██ But the bill in the present case alleges that the respondent after assuming sole management and control of the operation and assets of the business failed in his duty as surviving partner (1) by not proceeding to convert the assets into money and pay the debts of the estate, (2) by continuing operation of the business including the making or purchases, sales and exchanges with resulting operating losses, (3) by converting to his individual use proceeds from the sales of partnership assets. We think that these allegations are sufficient to raise the issue as to whether under the circumstances the respondent is proceeding "to wind up the business as soon as possible." Furthermore these allegations, if true, constitute a breach of the trust relationship with which the title of the surviving partner to the assets is impressed within the rule stated above. Conversion of the assets of the partnership to his own use by a surviving partner entitles the personal representative of the deceased partner to maintain a bill in equity for an accounting. McGowin v. Robinson, supra; Clements v. Lavender, 209 Ala. 615, 96 So. 785.

██ IV. It is urged that the respondent cannot be required to account in connection with partnership transactions because of lapse of time and because one of the partners, David S. Moore, is now deceased. It should be kept in mind that the only question now before the court is as to the sufficiency of the bill against demurrer. Upon a trial of the cause upon the merits the burden of proof of unreimbursed losses occurring during the years alleged and the amount thereof would be on the complainants. But it does not appear from the allegations of the bill that the lapse of time has so obscured the affairs of the partnership as to preclude an accurate casting up of accounts during the years 1932 to 1938 inclusive. It is not apparent from any allegation now before the court that there are not full and ample books or records or other sources of information to establish the facts and figures. Nor can it be said that the surviving partner is less well armed with documentary evidence and oral testimony than is the personal representative. Upon demurrer laches must affirmatively appear on the face of the bill in order to amount to a bar. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141; Wells v. Wells, 249 Ala. 649, 32 So.2d 697.

██ It appears that all matters relating to the affairs of the partnership were presented within three years of the death of the deceased partner. So the bill so far as it concerns the aspect of an accounting by the personal representative against the surviving partner shows upon its face that it was brought well within the period of six years after the last partnership transaction. Wells v. Brown, 83 Ala. 161, 3 So. 439. The relation of partners with each other with respect to the assets and liabilities and the profits and losses of the firm is a confidential one. Each is in a measure a trustee so long as the business continues and the partnership relation obtains. The statute of limitations does not run in favor of one or against the other.

In the case of Haynes v. Short, 88 Ala. 562, 7 So. 157, the personal representative of a deceased partner filed a bill for an accounting against the surviving partner. The first item of indebtedness concerned in that case was the amount of $3500 contributed by the deceased as capital and claimed not to have been repaid. The capital sum was contributed in 1870 and the firm continued business until 1884 or 1885 when it was dissolved. The overruling of the demurrer invoking the three year and six year statutes of limitations and the staleness of the demand was held by the court to have been proper. In the case of Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779, 787, this court said: "Mere delay which has resulted in no disadvantage to another or that has not operated to bring about changes in conditions or circumstances, in consequence of which 'there can be no longer a safe determination of the controversy,' will not [amount to laches so as] to bar complainant's right or remedy."

We think the court was correct in overruling the demurrer on the point now under consideration.

In conclusion it can be said that all the relief prayed for in this case is with the object of settling and bringing to an equitable determination the business known as the Clarence Farm. The bill seeks an equitable disposal of the jointly owned lands on which David S. Moore and Joe G. Moore engaged in operating the Clarence Farm and an adjustment of the equities therein between the widow of the deceased and the surviving brother. The cross-bill and the amended bill have as their object the settlement of title of personal property located on the lands and the affairs of the partnership, whereby such personal property was acquired and came to be placed thereon.

■■■■■ It is a familiar principle that equity grants full relief when it has jurisdiction on any equitable ground to grant any relief. Having assumed jurisdiction of a part the court will determine all the interrelated equities of the whole. "Equity delights to do justice, and not by halves." The bill in the instant case is based upon

these fundamentals and will avoid multiplicity of suits. Hence it is not multifarious. Brantley v. Brantley, 251 Ala. 493, 38 So. 2d 8; McGowin v. Robinson, 251 Ala. 690, 39 So.2d 237.

We think the Court acted correctly in overruling the demurrer to the bill as last amended.

Affirmed.

LIVINGSTON, C. J., and BROWN and SIMPSON, JJ., concur.