63 So.2d 383

**JONES v. JONES.**

**6 Div. 474.**

Supreme Court of Alabama.

Feb. 26, 1953.

Hiram Dodd, Birmingham, for appellant.

Jas. W. Aird, Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer to a bill in equity. The sole question for decision is whether the bill is multifarious.

Kathryn Edelen Jones (appellee) filed her bill of complaint, in equity, against M. A. Jones (appellant) for a sale for division of two parcels of real estate located in the City of Birmingham, Jefferson County, Alabama, alleged to be jointly owned by these parties.

In paragraph 4 of the bill it is alleged that by virtue of a decree of divorce between the complainant and the respondent entered in a cause described in the bill under a decree dated the 23rd of March, 1950, the respondent, that is M. A. Jones, agreed to repair the plastering that is necessary and to paint the house inside and out with the exception of the floors. The allegations show that the agreement was with reference to one of the parcels of real estate sought to be sold for division and that the respondent has failed and refused to comply with this agreement. Among other things, the bill prays that the respondent make provision for the plastering and painting that is necessary for the house.

It is insisted that the allegations of the bill with reference to the plastering and painting of the house located on one of the

parcels of real estate sought to be sold for division injects the vice of multifariousness into the bill. Equity Rule 15, among other things, provides as follows: "A bill is not necessarily multifarious when it seeks alternative or inconsistent relief growing out of the same subject matter, or founded on the same contract or transaction, or relating to the same property between the same parties." Code of 1940, Tit. 7, Appendix, p. 1055.

We consider that there is no merit in the position of the appellant. The agreement with reference to improvement of the house located on one of the parcels of real estate sought to be sold for division is obviously designed to improve the property and so add to its value and its attractiveness for purposes of sale. The repair agreement is between the same parties to the suit and relates to the same property involved in the suit. It therefore appears to us to come clearly within the rule which has been set forth and can well be the subject for relief in the present litigation. Ford v. Borders, 200 Ala. 70, 75 So. 398; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507; Moore v. Moore, 255 Ala. 393, 51 So.2d 683.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.